## PHYLLIS TRAPP *v.* ROBERT TRAPP
## (3410)

 DUPONT, C. J., BORDEN and LANDAU, Js.

Argued November 4, 1985—decision released February 4, 1986

*Shelley Dickinson,* with whom was *H. Dyke N. Spear, Jr.,* for the appellant (defendant).

*A. Patrick Alcalez,* for the appellee (plaintiff).

PER CURIAM. This is an appeal by the defendant husband from that portion of the trial court's judgment denying his request for a division of the parties' marital assets upon dissolution. In dissolving the marriage, the court made no award of alimony and no property division, leaving undisturbed the plaintiff wife's title to personalty and realty.

The court made the following findings of fact. The parties were married for eight years prior to the dissolution. They have no minor children. Shortly after the parties were married, the plaintiff purchased a house in her own name and with her own money. The court specifically rejected the defendant's claim that he had contributed $25,000 towards the purchase of the house.[1] Uncontroverted evidence at trial also

---

[1] The defendant is a convicted felon. He and the plaintiff, who met while he was in prison, married shortly after his release. As a consequence of the time he spent in prison, and its adverse effect upon his opportunity for employment, the court found it unlikely that the defendant had accumulated the $25,000 which he claimed to have contributed towards the purchase of the house.

showed that during the course of the marriage the wife had accumulated approximately $100,000 in her credit union account. The court concluded that the primary cause of the breakdown of the marriage was the defendant's physical abuse of the plaintiff.

The defendant claims that the trial court erred: (1) by failing to afford him an impartial hearing, as evidenced by allegedly biased remarks of the trial judge made during the trial and by the orders issued which were consistent with that alleged bias; (2) in failing to consider certain factors when formulating its order, thereby rendering it inequitable; and (3) by improperly applying the statutory criteria for a property settlement upon dissolution. We find no error.

The defendant's first claim arises out of certain remarks made by the court during the trial.[2] It is the defendant's contention that these remarks, coupled

---

[2] The remarks were made early on in the trial. While the defendant's counsel was explaining his client's contribution toward the support of the marital home, the following exchange occurred:

"[Defendant's Counsel]: What is in dispute is the amount and the periods of time that he—

"The Court: It would appear to me . . . [that] there is very little in dispute here."

During the cross-examination of the plaintiff, the first witness in the case, the following occurred:

"[Defendant's Counsel]: It comes down to credibility and that's what this case is going to be about.

"The Court: No, it's not. It's not, doesn't come down to credibility at all. Not under these circumstances. What did he contribute to this marriage other than work on that house in six years?

"[Defendant's Counsel]: The testimony, your Honor, will be that he—

"The Court: What monies did he put in the bank that was jointly held in order to support her?

"[Defendant's Counsel]: They had no joint bank account, your Honor.

"The Court: All right. He had his own bank account. This is a very short marriage, relatively speaking.

"[Defendant's Counsel]: That's correct.

"The Court: What's he looking for, a gold mine? The sky? A pot of gold?

"[Defendant's Counsel]: Your Honor, he is looking for a fair shake."

with orders adverse to the defendant's claim, evidenced a bias held by the court against the defendant, thereby denying him his fundamental right to a fair trial. See *Papa* v. *New Haven Federation of Teachers,* 186 Conn. 725, 740, 444 A.2d 196 (1982); *Baldwin* v. *Miles,* 58 Conn. 496, 498, 20 A. 618 (1890). We find that this issue is not properly before us. The defendant made no such claim at trial, and failed to make a motion for recusal. *Papa* v. *New Haven Federation of Teachers,* supra, 740–53. By failing to raise this claim seasonably, he has waived it. *Krattenstein* v. *G. Fox & Co.,* 155 Conn. 609, 615–16, 236 A.2d 466 (1967). A party may not "anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against [him], for a cause which was well known to [him] . . . during the trial." Id., 616. Indeed, the plaintiff here did not raise this claim until eight months after the judgment when he filed a second, amended preliminary statement of issues on appeal in this court.

The defendant would have us hold that *Cameron* v. *Cameron,* 187 Conn. 163, 444 A.2d 915 (1982), controls in the present case, claiming that there is plain error on the record requiring reversal. See Practice Book § 3063. We disagree. In *Cameron,* the Supreme Court reviewed the issue of judicial bias in the absence of a timely claim in the trial court. The court found that the actions of the trial court were such a "serious departure from [the] high standards" of judicial conduct that it should have declared a mistrial sua sponte. Id., 169–70. Our review of the transcript does not show any such serious deviation. Although the actions of the trial court were less than circumspect, we cannot find that the judgment was based on something other than the facts presented at trial.[3] We hold that the actions complained of do not constitute plain error.

---

[3] We note that there is no claim that " 'the alleged bias and prejudice . . . [stemmed] from an extrajudicial source . . . .' " *Szypula* v. *Szypula,* 2 Conn. App. 650, 655, 482 A.2d 85 (1984).

The defendant's second claim of error is that the trial court failed to consider certain factors in refusing to award the defendant any portion of the assets in the plaintiff's name. In particular, the defendant complains that the court ignored a gross misstatement by the plaintiff in her financial affidavit, filed pursuant to Practice Book § 463. There is no question that the plaintiff misstated the value of her credit union account by approximately one hundred thousand dollars. "[C]ompliance with the rules concerning the filing of financial affidavits is essential in order for the court to make a reasoned decision with respect to [dissolution] orders." *Grayson* v. *Grayson,* 4 Conn. App. 275, 287, 494 A.2d 576, cert. granted, 197 Conn. 807, 499 A.2d 58 (1985). While we are greatly disturbed by the filing of such an inaccurate affidavit,[4] we note that the error was revealed to the court upon cross-examination. The transcripts and the oral memorandum of decision indicate that the court was aware of the true status of the credit union account, and we find that its application of General Statutes § 46b-81 was not an abuse of its discretion. *Kinney* v. *Kinney,* 5 Conn. App. 484, 500 A.2d 569 (1985).

The defendant's final claim of error is that the trial court improperly applied General Statutes § 46b-81, as evidenced by its refusal to grant a property division. The defendant claims that the trial court ignored his testimony in support of his property claim. It is well settled that the trier of fact is completely free to disregard evidence which it does not find credible. *Smith* v. *Smith,* 183 Conn. 121, 123, 438 A.2d 842 (1981). We will review a trial court's disposition of a property claim

---

[4] Such misstatements may expose one to criminal liability; General Statutes § 53a-157 (a) (imposing criminal sanctions for false statements made under oath); as well as provide grounds for a motion to open the judgment. *Jackson* v. *Jackson,* 2 Conn. App. 179, 478 A.2d 1026, cert. denied, 194 Conn. 805, 478 A.2d 710 (1984).

only to ensure that the court did not abuse the wide latitude afforded under General Statutes § 46b-81. We find that the trial court did not abuse its discretion. The defendant's claim that the trial court's failure to make a property award constitutes "punishment for wrongdoing," namely his physical abuse of the plaintiff, is without merit. See *Robinson* v. *Robinson,* 187 Conn. 70, 72, 444 A.2d 234 (1982) (property assignment neither a reward nor punishment). There is nothing in this record to suggest that the trial court sought to impose a penalty upon the defendant.

There is no error.