EDWIN C. BUDDENHAGEN *v.* GREG LUQUE
(5059)

BORDEN, DALY and BIELUCH, Js.

Submitted on briefs January 8—decision released February 24, 1987

*Robert M. Davidson* and *Thomas M. Conroy* filed a brief for the appellant (defendant).

*Roy H. Ervin,* town attorney, filed a brief for the appellee (plaintiff).

BIELUCH, J. This is an appeal by the defendant from a judgment rendered against him in an action brought by the zoning enforcement officer of the town of Fairfield under General Statutes § 8-12 finding that he is in violation of the town zoning regulations, ordering that he cease and desist from continuing the violation, imposing civil penalties and allowing attorney's fees with costs. We find no error.

This action was commenced by an application of the plaintiff, the zoning enforcement officer of the town of Fairfield, for an order of the court that the defendant show cause why he should not be subject to the penalties of § 8-12 for his failure to correct a violation of the town zoning regulations. After a hearing, the court issued its memorandum of decision in which it found the following facts: On July 19, 1983, the defendant applied for and received a certificate of zoning compliance from the zoning authorities for the construction of a detached garage on his property at 85 French Street, Fairfield, located in a residential "B" zone. The proposed structure was to measure fourteen by twenty-one feet with a height of thirteen feet.

On August 30, 1984, after the footings and foundation had been poured and the garage rough framed,

the plaintiff's office inspected the construction site and issued the following compliance order: "The garage which you are constructing may be infringing on the rear setback from the property line. Construction may not continue until the location of property line is established by survey." Notwithstanding this order, the defendant continued construction without surveying his lines. The earlier compliance order was repeated on October 7, 1985. Again, there was no response or compliance, and construction continued. The plaintiff therefore issued a stop work order on October 8, 1985. This order, like its predecessors, also was disregarded by the defendant.

The plaintiff issued his final compliance order on October 29, 1985. In accordance with the requirements of General Statutes § 8-12 for imposition of civil penalties in court proceedings, the defendant was given ten days for discontinuance of the violation. The violation was specified in these terms: "We are now in receipt of a Class A2 Survey (copy enclosed), which shows an encroachment, by your garage under construction, on the adjacent property. You are hereby ordered to relocate the structure to the proper setbacks that are required by the Zoning Regulations, of the Town of Fairfield. Additionally, the Zoning Compliance that had been issued was for a one story structure. You are constructing a two story structure and exceeding the 15 foot height which requires a 10 foot setback from the property lines." No survey was presented by the defendant to controvert the plaintiff's survey introduced in evidence which showed an encroachment of between 3.87 to 3.91 feet on property adjoining on the rear.

Notwithstanding the three orders for compliance and the stop work order, construction continued into January, 1986, when this action was returned to court. The trial judge found that this "continued construction [was]

in total disregard and contempt," and "blatantly" ignored § 8.5.5 of the Fairfield zoning regulations. From these facts, the court concluded that the defendant violated the zoning regulations "and that the violation was willful and continued for more than ten days after having been served with an order to discontinue such violations."

On the basis of its findings and conclusions, the court ordered the defendant (1) to cease and desist from further construction, (2) to remove the subject structure from its present location, and (3) to pay the town of Fairfield a civil penalty of $500, together with attorney's fees in the amount of $1000 and taxable costs.

The defendant has appealed from this judgment. His sole claim of error is that the court erred in finding the alleged violation because the evidence was insufficient to establish the location ·of the rear boundary of the defendant's property. The defendant does not dispute that the boundary location presents a question of fact for the trial court.

An appeal based on the sufficiency of evidence to support a factual finding carries a legal and practical restriction to review. The function of an appellate court is to review, and not to retry, the proceedings of the trial court. The scope of review is delineated in Practice Book § 4061 (formerly § 3060D) as follows: "The [appellate] court may reverse or modify the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law." Practice Book § 4061 makes explicit what was implicit in its predecessor; Practice Book § 3060D; namely, that the "clearly erroneous" test applies only to the "factual findings" of the trial court, and not to its legal conclusions. " 'We cannot retry the facts or pass upon the credibility of

the witnesses.' *Johnson* v. *Flammia,* 169 Conn. 491, 497, 363 A.2d 1048 (1975) . . . ." *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 220, 435 A.2d 24 (1980); *Cook* v. *Nye,* 9 Conn. App. 221, 224, 518 A.2d 77 (1986).

As a corollary of our limited scope of review, in an appeal based on a claim of evidentiary insufficiency regarding a factual finding we do not examine the record to determine whether the judge or trier of fact could have made a finding other than the one made. Instead, we first determine whether there is evidence to support the finding. If not, the finding is clearly erroneous. Even if there is evidence to support it, however, a finding is clearly erroneous if "in view of the evidence and pleadings in the whole record [this court] is left with the definite and firm conviction that a mistake has been committed." *Doyle* v. *Kulesza,* 197 Conn. 101, 105, 495 A.2d 1074 (1985).

In accordance with our appellate commitment, we have fully examined the record, trial transcript, exhibits and briefs in this appeal. From that review we are led to the inescapable decision that the trial court's factual findings are firmly supported by the evidence.

There is no error.

In this opinion the other judges concurred.