LILLIAN LAUDER *v.* MICHAEL PECK
(4704)

DUPONT, C. J., BORDEN and DALY, Js.

Argued March 4—decision released June 2, 1987

*Alan M. Kosloff,* for the appellant (defendant).

*David L. Schulman,* with whom was *Cheryl Diane Feuerman,* for the appellee (plaintiff).

BORDEN, J. This case involves a suit by the plaintiff against the defendant, her former attorney. In a lengthy and detailed memorandum of decision, the trial court found, inter alia, that the defendant falsely made and forged a release of lis pendens which the plaintiff had filed pro se against real estate of her former husband located in Massachusetts. The plaintiff had an equitable interest in the real estate by virtue of a Connecticut marital dissolution judgment. The court found that the defendant's conduct constituted a forgery in violation of General Statutes § 53a-137.[1] The trial court further found that the defendant committed two larcenies of the plaintiff's money in violation of General Statutes § 53a-119, and that the defendant was therefore liable to the plaintiff for treble damages pursuant to General Statutes § 52-564.[2] The forgery and larcenies were intimately connected, because the defendant, by signing the release of lis pendens, obtained money of the plaintiff from the proceeds of the sale of the Massachusetts real estate. The defendant appeals. We find no error.

The defendant's first three claims of error attack certain critical factual findings of the trial court, namely, that the defendant committed the forgery and the larcenies. The defendant claims that these findings are

[1] The court found that the defendant "committed a forgery in violation of § 53a-137." We read this as a reference to General Statutes § 53a-137 (4), which is part of the definitional section of the statutes regarding forgery and related offenses, General Statutes §§ 53a-137 through 53a-145. The actual forgery offenses are defined in General Statutes §§ 53a-138 through 53a-140, and 53a-142. The defendant makes no claim of error regarding this definitional nuance.

[2] General Statutes § 52-564 provides: "Any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages."

clearly erroneous. We note "that clear and convincing proof of the actions alleged is required in order to assess treble damages pursuant to [General Statutes] § 52-564." *Schaffer* v. *Lindy,* 8 Conn. App. 96, 105, 511 A.2d 1022 (1986). The trial court's memorandum of decision makes clear that it applied the proper burden of proof. We have fully examined the entire record of this case. Suffice it to say that we are satisfied that the court's findings are supported by sufficient evidence in the record, and that our review of the entire record does not leave us with a firm conviction that a mistake has been committed. *Buddenhagen* v. *Luque,* 10 Conn. App. 41, 45, 521 A.2d 221 (1987). We therefore cannot disturb these findings as clearly erroneous. Id.

In connection with these factual claims, the defendant points out that between the end of the trial and the filing of the trial court's memorandum of decision, the trial judge called both counsel to a chambers conference. Thereafter, on the morning when the judge filed his memorandum of decision, he called counsel into open court and placed on the record his recollection of that conference. The transcript of these in-court proceedings discloses that, while writing the memorandum of decision, the judge called counsel to his chambers for two purposes: to inquire as to what action, if any, the grievance committee had taken against the defendant; and to disclose to them that he had written his memorandum of decision "up to the point of damages." In that chambers conference, the judge then disclosed a tentative damages figure at which he had arrived. After counsel left his chambers, the judge had second thoughts about that figure, and immediately telephoned counsel and informed them that he had not arrived at the damages figure which he had mentioned in chambers.

Four days later, after those telephone calls, trial counsel for the defendant hand-delivered a letter to the

judge recounting his recollection of the chambers conference, and requesting an additional evidentiary hearing on damages. It was this letter which prompted the in-court proceedings which took place two days later. At these proceedings, the judge stated his recollection of the purposes and content of the chambers conference, as described above. The defendant's counsel did *not* dispute the judge's recollection. The judge at that point also denied the defendant's request, initially raised in his letter and repeated in court, for an additional hearing.

Although we do not condone the actions of the trial court regarding these proceedings in chambers, they are not sufficient grounds to disturb the court's judgment. The defendant did not object to them in any way or request the judge to disqualify himself. Thus, the defendant must be held to have waived any claim of error arising from the proceedings. *Postemski* v. *Landon,* 9 Conn. App. 320, 323, 518 A.2d 674 (1986). Nor were the proceedings so egregious as to amount to plain error requiring reversal. Cf. *Trapp* v. *Trapp,* 6 Conn. App. 143, 145, 503 A.2d 1187 (1986).

The defendant next claims that the court erred in finding that the defendant violated General Statutes § 52-564; see footnote 2, supra; because the defendant did not steal the defendant's property or knowingly receive and conceal stolen property. We disagree.

The defendant claims that the finding by the court that he committed a "larceny," in violation of General Statutes § 53a-119,[3] of the plaintiff's property does not

---

[3] General Statutes § 53a-119 provides in pertinent part: "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. Larceny includes, but is not limited to: . . . (2) Obtaining property by false pretenses. A person obtains property by false pretenses when, by any false token, pretense or device he obtains from another any property, with intent to defraud him or any other person."

support a conclusion that the defendant "stole" the plaintiff's property, within the meaning of General Statutes § 52-564. See footnote 2, supra. This claim is without merit.

The word "steals" as used in General Statutes § 52-564 is synonymous with the definition of larceny under General Statutes § 53a-119. Indeed, larceny is broadly defined in General Statutes § 53a-119. See footnote 3, supra. It "includes, but is not limited to: . . . (8) Receiving *stolen* property. A person is guilty of larceny by receiving *stolen* property if he receives, retains, or disposes of *stolen* property knowing that it has probably been *stolen* or believing that it has probably been *stolen* . . . . " (Emphasis added.) General Statutes § 53a-119 (8); see also Ballentine's Law Dictionary (3d Ed. 1969) p. 1215 (defines steal as "[t]o commit larceny").

The defendant next claims that the trial court's finding that the defendant committed a forgery in violation of General Statutes § 53a-137, and two larcenies in violation of General Statutes § 53a-119, were beyond the scope of the complaint. This claim is also without merit.

The first count of the complaint alleged that: "the Defendant falsely made and forged a release of said Notice of Lis Pendens, acknowledging therein that he was the issuing authority of said Notice of Lis Pendens," that "[s]aid release of Lis Pendens was *made falsely* and *forged* by the Defendant in that he knew he was not the issuing authority of said Notice of Lis Pendens [and] that he was not authorized to release the same," and that "[a]s a result of the Defendant's *falsely making* and *forging* said release of Notice of Lis Pendens" the plaintiff was damaged. (Emphasis added.) The plaintiff's prayer for relief requested: "[i]n regards to the First Count, double damages pursuant to Con-

necticut General Statutes Section 52-565."[4] (Emphasis added.) The term "falsely makes" is defined in General Statutes § 53a-137 (4); see footnote 1, supra; for purposes of General Statutes §§ 53a-138 through 53a-145, entitled "Forgery And Related Offenses." The court, therefore, borrowed the criminal offense definition of "falsely makes" and used it in the civil context of General Statutes § 52-565.

The second count of the complaint repeated the essential allegations of the first count, and added the allegation that "[t]he making and forging of said Release of Notice of Lis Pendens was a *false token, pretense or device,* by the Defendant to obtain the property of the Plaintiff and was so falsely made and sworn with the *intent to defraud* the Plaintiff of the property to which she was entitled, all to her loss and damage." (Emphasis added.) The plaintiff's prayer for relief requested "[i]n regards to the Second Count, treble damages pursuant to Connecticut General Statutes Section 52-564." General Statutes § 52-564 authorizes treble damages for stealing property of another. See footnote 2, supra. Stealing is synonymous with larceny. General Statutes § 53a-119 (2) defines larceny to include "[o]btaining property by false pretenses. A person obtains property by false pretenses when, by any false token, pretense or device, he obtains from another any property, with intent to defraud him or any other person." It is clear that the plaintiff's complaint referred to and invoked General Statutes § 53a-119 (2).

---

[4] General Statutes § 52-565 provides: "Any person who falsely makes, alters, forges or counterfeits any document, or knowingly utters, as true, any document falsely made, forged or counterfeited, shall pay double damages to the party injured thereby." Although the trial court found that the defendant had committed a forgery by falsely making the release of lis pendens, it did not use General Statutes § 52-565 as a basis for doubling damages. Its multiple damages award flowed from General Statutes § 52-564. See footnote 2, supra. Of course, its finding of larcenies under General Statutes § 52-564 were closely connected with its finding that the defendant falsely made the document.

Significantly, the defendant does not suggest that the definition provided in General Statutes § 53a-137 (4) which the trial court used in making its factual determinations, differs in any way from the meaning of "falsely makes" under General Statutes § 52-565. Indeed, in his post-trial brief in the trial court the defendant specifically acknowledged that General Statutes §§ 52-564 and 52-565 refer to the crimes of theft and forgery. Furthermore, we have already decided that the meaning of "larceny" under General Statutes § 53a-119 is synonymous with "steals" under General Statutes § 52-564. It is also synonymous with "theft." See, e.g., General Statutes § 53a-119 (7) (theft of services).

The defendant's argument is that, even if the trial court was correct in using the Penal Code definitions as guidance in construing General Statutes §§ 52-564 and 52-565, it should not have declared the defendant's conduct to be forgery and larceny in violation of the criminal statutes. The flaw in this argument is that both General Statutes § 52-564 and 52-565 clearly invoke by their terms the criminal statutes involved. We cannot reasonably read them otherwise. We have referred to General Statutes § 52-564 as a statute pursuant to which "facts which constitute a crime would need not be proven beyond a reasonable doubt if they are at issue in a civil action." *Schaffer* v. *Lindy*, supra, 104. Indeed, we note that early in this century actions for treble damages under General Statutes § 52-564 were "not ordinarily brought until the defendant [had] been tried, convicted and sentenced in the criminal court for the stealing." *Plumb* v. *Griffin*, 74 Conn. 132, 135, 50 A. 1 (1901).

The defendant's final claim is that the court erred in trebling the prejudgment interest which it awarded to the plaintiff. We disagree. Prejudgment interest on money wrongfully withheld from the owner is a proper,

albeit discretionary, element of a plaintiff's damages. *Perl* v. *Case,* 3 Conn. App. 111, 116, 485 A.2d 1331 (1985). General Statutes § 52-564 provides that if the defendant stole the plaintiff's property, he "shall pay the owner treble his damages." We see no reason to carve out of those damages, as a matter of law, the prejudgment interest element for the benefit of a defendant who has been found liable pursuant to General Statutes § 52-564.

There is no error.

In this opinion the other judges concurred.