[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiffs in this action have filed a six count complaint arising out of removal of their personal property from two storage bins which they rented from the defendant, U-Haul Co. of Conn. It is alleged that the City of Danbury, acting by its Welfare officer, wrongly removed the plaintiffs' property from the storage bins and disposed of it with the knowledge and consent of U-Haul Co. of Conn. and its agent. The first three counts of the complaint are for negligence, conversion and trespass. The defendant, City of Danbury, has moved to strike the fourth, fifth and sixth counts of the complaint which are for larceny, intentional invasion of privacy and negligent infliction of emotional distress.
With a motion to strike, all of the facts alleged in the complaint and facts necessarily implied from those allegations are accepted as true, and the complaint is construed in the manner most favorable to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34, 36; Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170. While a motion to strike admits all facts pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91,108. Danbury contends that the facts of this case, as CT Page 286 alleged in the complaint, do not support the causes of action claimed in the fourth, fifth and sixth counts.
The fourth count contends that the City acting by its Welfare Officer wrongfully removed and disposed of goods from the storage bin rented by the plaintiffs, causing them financial and emotional loss and that such wrongful conduct constituted larceny. There is also a claim for treble damages under section 52-564 of the General Statutes. In order to recover under that statute, it must be proven that the defendant stole the plaintiffs' property or knowingly received and concealed stolen property. The second count of the complaint, which has not been challenged, alleges a cause of action for conversion. In order to recover for larceny in a civil action based upon section 52-564 of the General Statutes, there must be allegations of theft or stealing of property, equivalent to the crime of larceny as defined in section 53a-119 of the General Statutes. Lauder v. Peck,11 Conn. App. 161, 166, 167. "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner." Section53a-119 of the General Statutes. The statute goes on to define several specific acts which constitute larceny. Removal of the plaintiffs' personal property from the storage bins, standing alone, which is all the complaint alleges, is insufficient to prove larceny.
The fifth count is based upon the same facts, namely removal of the plaintiffs' property from the storage bin by the City's agent, followed by a claim that this wrongful act is an intentional invasion of the plaintiffs' right of privacy. An invasion of privacy action was first recognized in Connecticut in Goodrich v. Waterbury Republican-American, Inc., 188 Conn. 107, 125-128. It is not a single tort, but a complex of "`four distinct kinds of invasion of four different interests of the plaintiff, which are tied together by the common name, but otherwise have almost nothing in common except that each represents an interference with the right of the plaintiff `to be let alone.'" Id., 127-28; Venturi v. Savitt, Inc., 191 Conn. 588, 591. These opinions rely upon 3 Restatement (Second) of Torts, sections 652A through 652E; Prosser, Torts (4th Ed. 1971). The four categories of invasion of privacy are: (1) unreasonable intrusion upon the seclusion of another; (2) appropriation of the other's name or likeness; (3) unreasonable publicity given to the other's private life; and (4) publicity that unreasonably places the other in a false light before the public. Venturi v. Savitt, Inc., supra, 591; Goodrich v. Waterbury Republican-American, Inc., supra, 128; Jonap v. CT Page 287 Silver, 1 Conn. App. 550, 557. This cause of action has not been extended to other areas, and does not include wrongfully depriving a person of personal property.
The allegations of the six count contain similar facts to the prior ones, coupled with the allegation that these wrongful acts constitute negligent infliction of emotional distress. An action for unintentionally-caused emotional distress requires a plaintiff to plead and prove that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that such distress, if it were caused, might result in illness or bodily harm. Morris v. Hartford Courant Co., 200 Conn. 676,683; Montinieri v. Southern New England Telephone Co.,175 Conn. 337, 345. The complaint does not allege that the defendant's conduct involved an unreasonable risk of causing emotional distress or that the defendant should have realized the presence of such a risk.
When the legal conclusions in the complaint are disregarded, the fourth, fifth and sixth counts do not allege a valid cause of action under the facts of this case. The motion to strike is granted as to the fourth, fifth and sixth counts of the complaint.
ROBERT A. FULLER, JUDGE