[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: OBJECTION TO MOTION TO STRIKE #119
This is an action between two Connecticut attorneys to recover referral fees. The plaintiff, Robert Sullivan, alleges that pursuant to an agreement between the parties, the defendant, Donald Kiefer, agreed to pay plaintiff one-half of the total legal fees recovered from cases referred to defendant by plaintiff. In a five-count substituted complaint, dated January 26, 1994, plaintiff asserts claims for a negligent or intentional tort, breach of contract, conversion, unjust enrichment and larceny. Plaintiff's original seven-count complaint, filed in March, 1993, was the subject of a January 18, 1994 memorandum of decision wherein the court, Mottolese, J., granted defendant's motion to strike all counts of plaintiff's complaint except the breach of contract, conversion and unjust enrichment claims.
On February 10, 1994, defendant filed another motion to strike the first, third, fourth and fifth count of plaintiff's substituted complaint. The plaintiff filed an opposition to this motion pursuant to Practice Book § 155.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" (Citations omitted.) Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988); Mingachos v. CBS, Inc. 196 Conn. 91, 108, 491 A.2d 368
(1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education,195 Conn. 90, 93, 463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. FeldsparCorporation, 203 Conn. 34, 36, 552 A.2d 1235 (1987). "`The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them . . . and if facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail'" (Citations omitted.) Alarm Applications Co. v. SimsburyVolunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980).
Counts three and four of plaintiff's substituted complaint which contain conversion and unjust enrichment claims, are CT Page 6246 identical to counts three and four of plaintiff's original complaint. In this memorandum of decision on defendant's prior motion to strike, the court, Mottolese, J., ruled that counts three and four were legally sufficient, and denied the motion to strike those counts. The defendant requests the court to reconsider the prior ruling. "`[A] judge should hesitate to change his own rulings in a case and should even be more reluctant to overrule those of another judge.'" Rosenblit v. Danaher, 206 Conn. 125,133, 537 A.2d 145 (1988), quoting Breen v. Phelps, 186 Conn. 86,99, 439 A.2d 1066 (1982). Therefore, the court denies the motion to strike counts three and four.
The defendant argues that count one, which is entitled "negligence and intentional tort," is legally insufficient since it simply mirrors the breach of contract allegations found in count two. With the exception of the "negligence and intentional tort" heading, count one of the substituted complaint is identical to count one of the original complaint. In ruling on defendant's prior motion to strike, the court, Mottolese, J., found that count one did not state a cause of action separate and distinct from the breach of contract claim in count two. By simply adding a heading to count one, plaintiff does not state a separate and independent cause of action for a negligent or intentional tort. Despite plaintiff's characterization of count one as a tort claim, the allegations are still practically identical to the breach of contract claim in count two. Accordingly, the court grants the motion to strike count one of the plaintiff's substituted complaint. The defendant also argues that count five, which asserts a larceny claim, is legally insufficient, as there was no property taken in this case. In ruling on defendant's prior motion to strike, the court, Mottolese, J., found that plaintiff's allegations in the original complaint failed to satisfy the definition of larceny. The larceny claim found in count five of the substituted complaint is considerably different than that in the original complaint.
"[L]arceny is broadly defined in General Statutes § 53a-119."Lauder v. Peck, 11 Conn. App. 161, 165, 526 A.2d 539 (1987). This statute provides that "[a] person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains, or withholds such property from an owner." General Statutes § 53a-119
(Rev. to 1993). In viewing the complaint in the light most favorable to the plaintiff, a legally sufficient claim for larceny has been stated. See General Statutes § 53a-119(3). In judging a CT Page 6247 motion to strike, . . . it is of no moment that the [party] may not be able to prove [his] allegations at trial." (Citations and internal quotation marks omitted.) Levine v. Bess Paul Sigel HebrewAcademy of Greater Hartford, 39 Conn. Sup. 129, 132, 471 A.2d 679
(1983). The court denies the motion to strike the fifth count and the second paragraph of the prayer for relief.
KARAZIN, J.