[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE NO. 111
The plaintiffs, Barry and Barbara Schwimmer, allege that in April 1994 they entered into an agreement with the defendant, Randall Thomas, to demolish a two car garage located on their property and to construct in its place a three car garage with an accessory apartment. The plaintiffs allege that at all times the defendant represented to them that he was a licensed home improvement contractor. The plaintiffs allege that on June 27, 1994 the parties modified their agreement so that the defendant would remove the accessory apartment from the building because that portion of the structure violated the applicable zoning regulations. The plaintiffs further allege that after they paid $50,365.29 to the defendant he refused to complete the project .
In the first count of their revised complaint the plaintiffs assert a breach of contract claim against the defendant. In the second count the plaintiffs assert a claim for conversion based on allegations that they gave the defendant $8,101.63 so that he could purchase materials and the defendant kept the money for his own use. In the third count the plaintiffs assert a claim for fraudulent misrepresentation. In the fourth count the plaintiffs allege that the defendant violated General Statutes §§ 20-420 and 20-427 and that his conduct amounts to a violation of the Connecticut Unfair Trade Practices Act, § 42-110a et seq. (CUTPA). In the fifth count the plaintiffs allege that the defendant violated § 20-429 of the Home Improvement Act.
On April 17, 1995, the defendant filed a motion to strike (#111) and a supporting memorandum of law. The defendant moves to strike the entire revised complaint on the ground that the parties' agreement is void due to the illegality of the subject matter of the agreement. Alternatively, the defendant moves to strike the fifth count on the ground that it "seeks a remedy not provided for in [General Statutes § 20-429]." The defendant also moves to strike the plaintiffs' claim for treble damages (in the prayer for relief) because the plaintiffs, in their complaint, fail to allege facts that support a claim for treble damages under § 52-564. On May 1, 1995, the plaintiffs filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." NovametrixMedical Systems, Inc. v. BOC Group. Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). In ruling on a motion to strike, the court CT Page 13540 must "construe the facts alleged in the complaint in the light most favorable to the pleader. If facts provable under the allegations would support a . . . cause of action, the motion to strike must be denied." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994).
A motion to strike may also be used to test the legal sufficiency of a prayer for relief. Practice Book § 152(2). A motion to strike a prayer for relief is properly granted where, "assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff."Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 298 n. 4,478 A.2d 237 (1984).
In support of his motion to strike the entire complaint the defendant argues that the plaintiffs cannot enforce the parties' agreement because the agreement is illegal. The defendant argues that the agreement was rendered illegal because the Town of Westport Zoning Board of Appeals denied the plaintiffs' applications for a permit and variances which were needed to build the structure. The defendant attaches to its memorandum of law documentary evidence in support of its argument.
In ruling on a motion to strike, the court is limited "to a consideration of the facts alleged in the complaint. A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360,364, 660 A.2d 871 (1995); see also Cavallo v. Derby SavingsBank, 188 Conn. 281, 285-86, 449 A.2d 986 (1982). "Where the legal grounds for . . . a motion [to strike] are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Liljedahl Bros., Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
In the present case the court will not consider the defendant's documentary evidence because it constitutes an improper speaking motion. Even though the plaintiffs allege in their complaint that the accessory apartment was "illegal" (ostensibly due to the local zoning authority's refusal to grant the plaintiffs the necessary permits and variances), the illegality of the apartment portion of the construction project would not necessarily render the entire agreement illegal. The court notes that the agreement could have nevertheless remained legal, valid and enforceable as to the garage portion of the CT Page 13541 construction project. Such a determination is dependent upon evidence outside of the pleadings, and therefore, is not properly resolved by way of a motion to strike. Accordingly, the defendant's motion to strike the plaintiffs' entire complaint on the ground of illegality is denied.
The defendant moves to strike the fifth count of the the defendant moves to strike the fifth count of the plaintiffs' complaint on the ground that General Statutes §20-429 does not provide the plaintiffs with a cause of action against the defendant. The defendant contends that § 20-429
would only apply if he was trying to enforce the parties' contract against the plaintiffs.
Section 20-429(a) provides in pertinent part that "[n]o home improvement contract shall be valid or enforceable againstan owner unless it: (1) is in writing . . . ." (Emphasis added.) Section 20-429(a), by its express terms, applies where a contractor seeks to enforce a home improvement contract against the homeowner. The statute creates a defense which may be raised by the homeowner in the context of a motion for summary judgment. See, e.g., Wadia Enterprises, Inc. v.Hirschfeld, 224 Conn. 240, 247, 618 A.2d 306 (1992). However, § 20-429(a) does not create a cause of action that may be asserted by the homeowner against a home improvement contractor. Accordingly, the defendant's motion to strike is granted as to the fifth count of the complaint.
The defendant also moves to strike the plaintiffs' claim for treble damages pursuant to § 52-564. The defendant moves to strike this claim on the ground that the plaintiffs, in the second count of the revised complaint, state a common law claim for conversion without alleging any aggravating circumstances that would entitle them to an award of punitive damages pursuant to § 52-564.
"Conversion is an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. Devitt v. Manulik, 176 Conn. 657,660, 410 A.2d 465 (1979). To establish a prima facie case of conversion, [the plaintiff] had to demonstrate that (1) the funds invested with [the defendant] belonged to [the plaintiff], (2) that the defendant deprived [the plaintiff] of its funds for an indefinite period of time, (3) that the defendant's conduct was unauthorized, and (4) that the defendant's conduct harmed CT Page 13542 [the plaintiff] . . . ." Discover Leasing, Inc. v. Murphy,33 Conn. App. 303, 309, 635 A.2d 843 (1993).
General Statutes § 52-564 provides in pertinent part that "[a]ny person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." "The word `steals' as used in General Statutes § 52-564 is synonymous with the definition of larceny under General Statutes § 53a-119." Lauder v. Peck, 11 Conn. App. 161,165, 526 A.2d 539 (1987). "To establish a prima facie case of statutory theft, [the plaintiff] had to demonstrate that (1) the funds invested with [the defendant] belonged to [the plaintiff], (2) that the defendant intentionally deprived [the plaintiff] of its funds, and (3) that the defendant's conduct was unauthorized. . . ." Discover Leasing, Inc. v. Murphy,
supra, 33 Conn. App. 309.
In the second count the plaintiffs allege a legally sufficient claim for common law conversion. However, they fail to allege that the defendant intentionally deprived the plaintiffs of their funds, or that the defendant engaged in some other form of wanton misconduct (i.e., conversion accompanied by false pretenses or an intent to defraud) which would entitle them to an award of treble damages. Thus, the relief sought by the plaintiffs in the form of treble damages pursuant to § 52-564
can not be awarded to them based on the allegations set forth in the second count of the complaint. Accordingly, the court grants the defendant's motion to strike the plaintiffs' claim for treble damages.
BALLEN, JUDGE