[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Mary Verito claims that her grandmother Madeline Verito placed a gift in trust for her when she was 9 years old in 1983. She testified that Madeline told her about the gift and that she would get the money when she turned the age of 21 on April 18, 1995. It was put in a bank account in the New England Savings Bank entitled Joseph Verito Cust, and Mary Verito "under the Conn. Uniform Gifts to Minor's Act," C.G.S. § 45 2-546 et seq.
The defendant Joseph Verito was the father of the plaintiff and the custodian of the funds. The account was later transferred to the Citizens Savings Bank. As of December 29, 1994, the value of the account was $21,574.26. After reaching her majority on April 18, 1995, the plaintiff requested that the bank turn the money over to her. The bank told her that the defendant, her father, had taken the money. He told her that he needed the money more than she did. He refused to return the money.
Conn. Gen. Stat. § 45a-547 provides, in pertinent part, that "An adult person, may during his lifetime, make a gift of . . . money . . . (iii) if the subject of the gift is money, by paying or delivering it to . . . a bank . . . in the name of the donor, another adult person or a bank with trust powers, followed, in substance, by the words, as Custodian for . . . (name CT Page 4255-BB of minor) under the Connecticut Uniform Gifts to Minor's Act."
Conn. Gen. Stat. § 45a-548 provides that "A gift . . . made in the manner prescribed by the statute is irrevocable and conveys to the minor indefeasibly vested legal title to the custodial property given."
The defendant contends there was no gift made to the plaintiff under the Act because Madeline lacked requisite donative interest. Madeline testified that she put the money in the account for the defendant. She never heard of the CUGMA. She was 84 years of age at the time of this hearing. She is presently living with the defendant. She seemed confused and disoriented. The court does not find her testimony to be credible.
The defendant, in his testimony, stated he took the money from the account and put it in another account. He took the money so that Mary could not get it.
The court finds, as a matter of fact, that Madeline did intend to make a gift to Mary under the statute. The court believes the testimony of Mary, that she was given the money and that Joseph was merely the custodian of her money. The court also finds that Joseph had no right to convert the money to his own use. Thus, whether or not the statute requires intent is moot, because the court finds that Madeline did intend to make a gift to Mary. The court also finds that Joseph took $21,543.30 from the account. This money belonged to Mary and Joseph had no right to take it.
The court hereby enters judgment for the plaintiff Mary in the amount of $21,543.30.
The court also finds that the defendant knowingly received and concealed stolen goods with the intent to permanently deprive the plaintiff of her interest in the custodial property. The court finds the statutory theft in this case to be synonymous with larceny under Conn. Gen. Stat. § 53a-119. The court finds that there is clear and convincing evidence that the defendant stole the plaintiff's property and concealed it in violation of Conn. Gen. Stat. § 53a-119. Accordingly, the plaintiff is entitled to treble damages under Conn. Gen. Stat. § 52-564. Lauder v. Peck, 11 Conn. App. 161,162-63 (1987). CT Page 4255-CC
The court, therefore, orders judgment in the total amount of $65,484.57 plus interest and costs.
Hurley, J.