[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE FOURTH AND FIFTY COUNTS
This action arises from a business agreement between the plaintiff, Delta Capital Group (Delta), and the defendant, Richard Smith, in which Delta agreed to negotiate a restructure of Smith's debt with the debt holder in return for a fee of $5,000 to be paid in two installments, plus ten percent of the amount of any resulting economic benefit to Smith. Smith paid Delta $5,000 as agreed. Delta alleges that it successfully negotiated with the debt holders a discounted payoff option for Smith resulting in a debt cancellation of over $100,000. Delta further alleges that, prior to exercising his rights under the negotiated discounted payoff option, Smith independently arranged to convert the debt, by a sale to a third party who was friendly to Smith, for the negotiated discounted amount. Delta alleges that Smith realized a $100,000 benefit from his de facto utilization of Delta's negotiated discounted payoff option, for which Delta is owed its ten percent fee under the contract. Delta alleges that without its service, Smith would not have realized a cancellation of $100,000 of its debt.
On June 16, 1997, Delta filed a five count complaint alleging: (1) breach of express contract; (2) unjust enrichment; (3) quantum meruit; (4) statutory theft of services pursuant to General Statutes § 53a-119; and (5) statutory theft of property pursuant to General Statutes § 53a-119. The plaintiff seeks relief as to CT Page 3350 counts four and five pursuant to General Statutes § 52-564, which authorizes treble damages when a person steals the property of another.[1] On November 17, 1997, Smith filed a motion to strike counts four and five of the plaintiff's complaint on the ground that neither count states a claim upon which relief can be granted. The motion to strike was accompanied by a requisite memorandum of law in support. On December 1, 1997, Delta filed a memorandum in opposition to Smith's motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. , 240 Conn. 576,580, 693 A.2d 293 (1997). The court "must . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Kelly v.Figueiredo, 223 Conn. 31, 32, 610 A.2d 1296 (1992). "A motion to strike admits all facts well pleaded." Parsons v. UnitedTechnologies Corp. , 243 Conn. 66, 68, 700 A.2d 655 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp. , supra, 240 Conn. 580. "This includes the facts necessarily implied and fairly provable under the allegations." Forbes v. Ballaro, 31 Conn. App. 235, 239,624 A.2d 389 (1993).
"Each motion to strike raising any of the claims of legal insufficiency . . . shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." Practice Book § 154. "Each demurrer shall distinctly specify the reason or reasons why the pleading demurred to is insufficient." General Statutes § 52-92.
The defendant, in his motion to strike, does not distinctly specify the reasons for each claimed insufficiency as required by Practice Book § 154. See Bouchard v. People's Bank, 219 Conn. 465,468 n. 4, 594 A.2d 1 (1991) (motion to strike was found fatally defective because it simply stated that the plaintiff had failed to state a claim upon which relief can be granted and did not specify the distinct reasons for the claimed insufficiency in its motion to strike, "notwithstanding the . . . inclusion of such reasons in [the] supporting memorandum"). Based on the foregoing, the defendant's motion to strike counts four and five of the CT Page 3351 plaintiff's complaint, which simply states "that neither count states a claim upon which relief can be granted," could be denied on procedural grounds. However, the court will "consider the defendant's motion in the form presented . . . due to the plaintiff's failure to object to its form and the nonjurisdictional nature of § 154." Id.
"[A] plaintiff's claim for relief [must] be specifically based upon the statutory remedy as well as factually within its boundaries." (Internal quotation marks omitted.) Alaimo v. Royer,188 Conn. 36, 43, 448 A.2d 207 (1982). The plaintiff, in counts four and five, seeks treble damages pursuant to § 52-564 for theft of services and theft of property pursuant to § 53a-119. Thus, the plaintiff has specifically based his claim for relief upon the statutory remedy. The court will therefore look to each count to determine if the allegations are "factually within [the] boundaries' of the statute. Id. "Statutory theft under § 52-564
is synonymous with larceny under General Statutes § 53a-119." (Internal quotation marks omitted.) Suarez-Negrete v. Trotta,47 Conn. App. 517, 520, ___ A.2d ___ (1998). Therefore, when construing General Statutes § 52-564, the court looks to § 53a-119.
General Statutes § 53a-119 defines larceny as attaching when "[a] person . . . with intent to deprive another of property or to appropriate the same to himself or a third person . . . wrongfully takes, obtains or withholds such property from an owner." Then follows a non-exclusive list of specific examples of larceny, including § 53a-119 (7), theft of services.
The defendant moves to strike count four on the ground that the plaintiff fails to allege that the defendant diverted to himself services to which he was not entitled. The defendant argues that he was entitled to any alleged services provided pursuant to the contract between the parties.
The plaintiff alleges that the defendant wrongfully used the plaintiff's services with the intent not to pay for them, and argues that this constitutes theft of services pursuant to General Statutes § 53a-119. The plaintiff further argues that theft of services pursuant to General Statutes § 53a-119 is not limited to the specific circumstances set forth in the statute. The plaintiff cites Lauder v. Peck, 11 Conn. App. 161, 526 A.2d 539 (1987), to support his argument that the definition of larceny is broad and not limited to the enumerated examples in the statute. CT Page 3352
Although General Statutes § 53a-119 explicitly provides that "[l]arceny includes, but is not limited to" the circumstances set forth therein, it does provide a definition of what constitutes larcenous theft of services in sub-section (7). The plaintiff's allegations clearly do not come under § 53a-119 (7)(A) or (B) because they do not allege theft of restaurant or hotel services pursuant to § 53a-119 (7)(A), or theft of transportation services pursuant § 53a-119 (7)(B). Only paragraph (C) could be applied to the plaintiff's allegations.[2] Under General Statutes § 53a-119
(7)(C), the court asks: (1) whether labor in the employ of another was used or diverted to benefit oneself or a third party, or (2) whether equipment or facilities of another were used to benefit oneself or a third party. A review of cases for theft of services pursuant to General Statutes § 53a-119 (7) reveals no case law finding theft of services outside of those circumstances.[3] No court has expanded the definition of theft of services beyond the statutory parameters to include a situation, as in the present case, where a party to a contract has failed to honor his contractual obligation to pay for services. The facts alleged in the present case do not state that either labor or equipment of another to which the defendant was not entitled was used or diverted by and for the benefit of the defendant or a third party. Thus, the court cannot find a cause of action for statutory theft of services pursuant to General Statutes § 53a-119 (7)(C). Accordingly, the defendant's motion to strike count four of the plaintiff's complaint is granted.
The defendant moves to strike count five of the complaint on the ground that willful failure to pay a debt by one able to do so does not constitute the crime of statutory theft as defined by General Statutes § 53a-119, and the claim has no other basis under Connecticut law.
The plaintiff argues that the money allegedly owed to him by the defendant under the contract is the plaintiff's property, and, under the broad definition of larceny in General Statutes §53a-119, the intentional withholding of the money constitutes larceny. The plaintiff's argument, that the withholding of payment by an able debtor constitutes the wrongful retention of property of the creditor, depends on finding that the money owed to him is his property. The plaintiff fails to cite any legal authority for this argument, citing only General Statutes § 52-552h, a section of the Uniform Fraudulent Transfer Act, inapplicable to the present case, which protects a creditor against fraud but does not vest in the creditor a property interest in the debt. CT Page 3353
As previously discussed, "[a] person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner." General Statutes §53a-119. The penal code defines an "owner" as "any person who has a right to possession superior to that of a taker, obtainer, or withholder." General Statutes § 53a-118 (a)(5). To state a claim for statutory theft, the plaintiff must plead and prove that: (1) the property belonged to the plaintiff, (2) the defendant intentionally deprived the plaintiff of its property, and (3) the defendant's conduct was unauthorized. Discover Leasing, Inc. v.Murphy, 33 Conn. App. 303, 309, 635 A.2d 843 (1993).
The plaintiff's argument fails on the first prong of the test set forth above. The plaintiff fails to allege sufficient facts to establish that the defendant's money which is allegedly owed to the plaintiff is the plaintiff's property. The plaintiff does not allege any facts to show that he has a "right to possession superior" to that of the defendant such that the court could find that he is the "owner" of the money pursuant to General Statutes § 53a-118 (a)(5). On the facts alleged, the money is, and at all times has been, the fungible property of and in the possession of the defendant, and not specifically designated money. Furthermore, the plaintiff has never had a right to possession of the money outside of a right of action to enforce the contract. There is no Connecticut case law that holds that money owed by a debtor is the property of the creditor and allows for a cause of action in statutory theft when the debt is not paid. Accordingly, for the foregoing reasons, the defendant's motion to strike count five of the plaintiff's complaint is granted.
Hale, J.