[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
In this six-count breach of contract action, originally filed as a small claims action, Plaintiff, a janitorial services company, seeks to recover several months of unpaid bills for services rendered. Defendant moves to strike the Fourth Count which sounds in civil theft and the Fifth Count which alleges a CUTPA violation.
Paragraph 51 of the Fourth Count alleges that "Defendant's failure to pay for the services and supplies provided, despite their clear obligation to do so, constitutes a violation of General Statutes § 52-564, entitling Adams Adams to treble damages."
Nothing in the Fourth Count, including paragraphs 1 through 50 states a sufficient cause of action under General Statutes § 52-564 which provides treble damages against "any person who steals any property of another or knowingly receives and conceals stolen property." Plaintiff claims that its allegations that Defendant represented that Plaintiff would be paid for its services, that such statements were made for the purpose of inducing Plaintiff to rely on them and Plaintiff knew these statements to be untrue when made, is sufficient, if true, to constitute a violation of the statute. CT Page 13866
Both parties acknowledge that General Statutes § 52-564
is to be construed with reference to General Statutes § 53a-119, which defines and lists various categories of larceny.
Failure to pay for services rendered does not, in and of itself, amount to larceny or theft. Delta Capital Group L.L.C. v.Smith, Superior Court 1998 WL 167293 (March 31, 1998) (Hale, J.). Plaintiff's allegations that Defendant did not intend to pay for the services when it entered the contract is insufficient without some claim setting forth the elements of a specifically larcenous act listed in General Statutes § 53a-119 or some other fraudulent act like forgery, relied on by our Appellate Court inLauder v. Peck, 11 Conn. App. 161 (1987), a case cited by Plaintiff. Plaintiff's allegations under the Fourth Count are insufficient to make a case under the statute.
Likewise, the allegations in the Fifth Count are not sufficient to sustain a CUTPA violation in the absence of more detailed allegation, either of a "pattern . . . of inducing vendors to provide services and refusing to fully pay for such services" or of "deceptive" or "unscrupulous" actions on the part of Defendant.
Motion to strike Fourth and Fifth Counts is granted.
Jerry Wagner Judge Trial Referee