# JOSE DE JESUS SUAREZ-NEGRETE *v.* WILLIAM F. TROTTA
## (AC 17136)

Foti, Dupont and Daly, Js.

Submitted on briefs November 13, 1997—officially released January 27, 1998

*Bruce D. Tyler* filed a brief for the appellant (defendant).

*Pat Labbadia III* filed a brief for the appellee (plaintiff).

*Opinion*

FOTI, J. The defendant, William F. Trotta, appeals from the judgment rendered for the plaintiff on his complaint and on the defendant's counterclaim after a trial to the court. In his complaint, the plaintiff, Jose De Jesus Suarez-Negrete, sought to recover funds entrusted to the defendant for the purpose of posting a bond to guarantee the plaintiff's appearance in proceedings before the United States Immigration and Naturalization Service (INS). The plaintiff fulfilled the conditions of the bond, which was returned to the defendant by the INS, and the defendant refused to return the plaintiff's funds to him. The defendant filed a counterclaim alleging that he had loaned the plaintiff $1900 prior to the return of the bond. The plaintiff filed an offer of judgment in the amount of $2900, which was not accepted by the defendant.

The trial court concluded that the evidence presented by the defendant in support of his counterclaim was not credible and that as of April 11, 1990, the date that the INS issued a check returning the posted money to the defendant, the plaintiff was entitled to the amount of $2906.85. The court found, by clear and convincing evidence, that the defendant had converted the plaintiff's money and, therefore, awarded treble damages pursuant to General Statutes § 52-564.[1] The court awarded prejudgment interest, pursuant to General Statutes § 37-3a,[2] from April 13, 1990, the estimated date

[1] General Statutes § 52-564 provides: "Any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages."

[2] General Statutes § 37-3a provides: "Except as provided in sections 37-3b, 37-3c and 52-192a, interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions or arbitration proceedings under chapter 909, including actions to recover money loaned at a

of the defendant's conversion of the INS check, through April 11, 1997, the date of judgment, at the rate of 10 percent per annum for a total of $2034.80. The court also awarded interest on the offer of judgment, pursuant to General Statutes § 52-192a (b),[3] at the rate of 12 percent per annum for a total of $2414.83.[4] Prior to trebling the plaintiff's award of damages, the trial court awarded attorney's fees, pursuant to General Statutes § 52-192a (b), in the amount of $350. The total of the trial court's basic award, prejudgment interest, interest on the offer of judgment, and award of attorney's fees, therefore, was $7706.48, which the court trebled for a total award of $23,119.44.

greater rate, as damages for the detention of money after it becomes payable. Judgment may be given for the recovery of taxes assessed and paid upon the loan, and the insurance upon the estate mortgaged to secure the loan, whenever the borrower has agreed in writing to pay such taxes or insurance or both. Whenever the maker of any contract is a resident of another state or the mortgage security is located in another state, any obligee or holder of such contract, residing in this state, may lawfully recover any agreed rate of interest or damages on such contract until it is fully performed, not exceeding the legal rate of interest in the state where such contract purports to have been made or such mortgage security is located."

[3] General Statutes § 52-192a (b) provides: "After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment', the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the 'offer of judgment' was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the 'offer of judgment' was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. This section shall not be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action."

[4] The trial court determined that the "amount recovered" was $4941.65, consisting of the basic award of $2906.85 together with prejudgment interest of $2034.80.

The defendant claims (1) that the trial court's findings of fact are clearly erroneous and (2) that the court improperly construed and applied § 52-564. We reverse in part the judgment of the trial court.

## I

Our review of the record discloses that the facts as found by the trial court are reasonably supported by the evidence. The trial court was justified in assigning to each party the burden of proving the facts affirmatively asserted in his pleadings. "The credibility of witnesses and the weight to be accorded their testimony are within the province of the trier of facts, who is privileged to adopt whatever testimony he reasonably believes to be credible." *Krawiec* v. *Blake Manor Development Corp.*, 26 Conn. App. 601, 608, 602 A.2d 1062 (1992). We conclude, therefore, that the trial court's findings of fact are not clearly erroneous.

## II

The defendant claims that the evidence was insufficient to demonstrate a conversion and that treble damages cannot be awarded in ordinary breach of contract cases. The second count of the plaintiff's complaint alleged that the defendant intentionally deprived the plaintiff of his money and wilfully converted it to his own use. The plaintiff sought damages pursuant to § 52-564, which authorizes treble damages where a person steals the property of another. The trial court properly recognized that the plaintiff was required to satisfy the higher standard of proof by clear and convincing evidence to be entitled to an award of treble damages pursuant to § 52-564. See *Schaffer* v. *Lindy*, 8 Conn. App. 96, 104–105, 511 A.2d 1022 (1986).

"Statutory theft under § 52-564 'is synonymous with larceny under General Statutes § 53a-119.' *Discover Leasing, Inc.* v. *Murphy*, 33 Conn. App. 303, 309, 635

A.2d 843 (1993), citing *Lauder* v. *Peck*, 11 Conn. App. 161, 165, 526 A.2d 539 (1987). Pursuant to § 53a-119, '[a] person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or [withholds] such property from an owner.' By comparison, '[c]onversion is an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights.' *Discover Leasing, Inc.* v. *Murphy*, supra, 309, citing *Devitt* v. *Manulik*, 176 Conn. 657, 660, 410 A.2d 465 (1979). In addition, conversion requires that the owner be harmed as a result of the unauthorized act. *Devitt* v. *Manulik*, supra, 660. Conversion may arise subsequent to an initial rightful possession. *Maroun* v. *Tarro*, 35 Conn. App. 391, 396, 646 A.2d 251, cert. denied, 231 Conn. 926, 648 A.2d 164 (1994). Conversion can be distinguished from statutory theft as established by § 53a-119 in two ways. First, statutory theft requires an intent to deprive another of his property; second, conversion requires the owner to be harmed by a defendant's conduct. Therefore, statutory theft requires a plaintiff to prove the additional element of intent over and above what he or she must demonstrate to prove conversion." *Lawson* v. *Whitey's Frame Shop*, 42 Conn. App. 599, 605–606, 682 A.2d 1016 (1996), rev'd on other grounds, 241 Conn. 678, 697 A.2d 1137 (1997).

In the present case, the trial court found that the defendant's behavior "strongly supports the proposition that he intended to convert the bond proceeds to his own use from the date he received the check in 1990."[5] We conclude, therefore, that the evidence presented was sufficient to establish a statutory theft in that (1) the money held by the defendant belonged to the plaintiff, (2) the defendant intentionally deprived the plaintiff

---

[5] The defendant did not move the trial court either to articulate or to rectify its memorandum of decision. See Practice Book § 4051.

of his funds, and (3) the defendant's conduct was unauthorized. See General Statutes § 53a-119. Thus, the trial court properly awarded treble damages to the plaintiff pursuant to § 52-564.

## III

Although the parties' briefs did not specifically address whether the trial court properly calculated the award of treble damages, "Connecticut courts have concluded that the misapplication of a statute constitutes plain error and therefore we 'may in the interests of justice notice plain error not brought to the attention of the trial court.' Practice Book § [4061]." *Lawson* v. *Whitey's Frame Shop*, supra, 42 Conn. App. 607.

"Prejudgment interest on money wrongfully withheld from the owner is a proper, albeit discretionary, element of a plaintiff's damages. *Perl* v. *Case*, 3 Conn. App. 111, 116, 485 A.2d 1331 [cert. denied, 195 Conn. 803, 491 A.2d 1103] (1985). General Statutes § 52-564 provides that if the defendant stole the plaintiff's property, he 'shall pay the owner treble his damages.' We see no reason to carve out of those damages, as a matter of law, the prejudgment interest element for the benefit of a defendant who has been found liable pursuant to General Statutes § 52-564." *Lauder* v. *Peck*, supra, 11 Conn. App. 167–68.

"In Connecticut, a prevailing party may recover attorney's fees if such an award is authorized by either statute or contract." *Neiditz* v. *Housing Authority*, 42 Conn. App. 409, 413, 679 A.2d 987 (1996). In the present case, the trial court awarded attorney's fees, pursuant to § 52-192a (b), in the amount of $350. In accordance with the express language of § 52-192a (b), an award of interest is mandatory, whereas an award of attorney's fees is discretionary but may not exceed $350. See *Lutynski* v. *B. B. & J. Trucking, Inc.*, 31 Conn. App. 806, 815, 628 A.2d 1 (1993), aff'd, 229 Conn. 525, 642

A.2d 7 (1994). The trial court, in a proper exercise of its discretion, awarded the maximum statutory attorney's fees. It exceeded its statutory authority, however, by trebling that amount. The court may not circumvent the obvious purpose of § 52-192a (b), which is to limit the amount of attorney's fees recoverable by a successful plaintiff. A trial court should not be permitted to do indirectly that which it may not do directly. See *Miller* v. *Commissioner of Correction*, 242 Conn. 745, 812, 700 A.2d 1108 (1997) (*Berdon, J.*, concurring and dissenting); *State* v. *Menillo*, 159 Conn. 264, 269, 268 A.2d 667 (1970).

The judgment is reversed only as to the trebling of the attorney's fee award and the case is remanded with direction to reduce the total amount of the judgment by $700.

In this opinion the other judges concurred.