[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a motion to strike the second and third counts of the plaintiffs complaint on the grounds that each fails to state a claim upon which relief can be granted. Specifically, the defendant asserts that the second count of the plaintiffs complaint claiming statutory theft falters because it fails to allege an intent to deprive the plaintiff of his property and the third count asserting a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a, et seq., is deficient because it fails to allege anything more than a simple breach of contract by the defendant. CT Page 13921 For the following reasons, the court agrees with the defendant.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations and internal quotation marks omitted.) Novametrix Medical Systems v. BOCGroup. Inc., 224 Conn. 210, 214 (1992).
The plaintiffs complaint claims that the plaintiff sent the defendant $30,000 as a deposit toward the purchase of certain kitchen equipment. The plaintiff further alleges that he was unable to obtain funding to finance the purchase of the equipment and that the defendant refused to return his deposit.
The second count of the plaintiffs complaint claims that the defendant committed civil theft as defined in General Statutes §52-264. General Statutes § 52-564 provides: "Any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." "Statutory theft under § 52-564 is synonymous with larceny under General Statutes § 53a-119. Pursuant to § 53a-119, a person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner." (Internal quotation marks and citations omitted.)Suarez-Negrete v. Trotta, 47 Conn. App. 517, 520-21 (1998). Statutory theft requires an intent to deprive another of his property. Id., 521. See also Lawson v. Whitey's Frame Shop,42 Conn. App. 599, 605-606 (1996), rev'd on other grounds,241 Conn. 678 (1997).
While the plaintiff has alleged in the second count of his complaint that "the defendant has knowingly and intentionally failed to return [the plaintiff's] deposit," he does not allege that the defendant intended to deprive the plaintiff of his property by keeping the deposit. Since such an intent is required to prove statutory theft under General Statutes § 52-264, the second count fails to state such a claim.
The third count of the plaintiffs complaint asserts that the defendant has violated the Connecticut Unfair Trade Practices Act (CUTPA) by failing and refusing to return his deposit to him. The CT Page 13922 defendant asserts that this count should be stricken because its claim is limited to a mere breach of contract. The defendant argues that a simple breach of contract without more is insufficient to establish a violation of CUTPA.
To establish a violation of CUTPA, the plaintiff must prove that the defendants engaged in an unfair or deceptive act or practice. General Statutes § 42-110b(a). Section 42-110b(c) of the act provides that the courts of this state in construing subsection (a) of § 42-110b shall be guided by interpretations given by the Federal Trade Commission and the federal courts in interpreting the comparable provision of the Federal Trade Commission Act. The federal courts have held that "a simple breach of contract, even if intentional, does not amount to a violation of the Act; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act . . ." Bartolomew v. S.B. Thomas. Inc., 889 F.2d 530, 535
(4th Cir. 1989); United Roasters, Inc. v. Colgate-Palmolive Co.,649 F.2d 985, 992 (4th Cir. 1981).
Although there are not as yet any Connecticut appellate court decisions on this precise issue, the trial courts in this state appear to be unanimous in their support of the position that more than a simple breach of contract, even if intentional, is needed to establish a violation of CUTPA.[1] See Emlee EquipmentLeasing Corporation v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 580 (1991), rev'd on other grounds, 31 Conn. App. 455
(1993). The question therefore becomes whether the plaintiff has alleged in its complaint the "substantial aggravating circumstances" attending the breach of contract necessary to establish a CUTPA violation.
In its complaint, the plaintiff merely alleges that the defendant refused to return the plaintiffs deposit upon the plaintiffs failure to obtain financing despite written demand for the return of the deposit. Even examined in the light most favorable to the plaintiff, his complaint fails to allege unfair or deceptive acts or practices of the defendant within the borders of the Connecticut Unfair Trade Practices Act. The plaintiff has not alleged in his complaint any acts or practices that arguably meet the tests of unfairness set forth in the so-called cigarette rule.[2] See Jacobs v. Healey Ford-Subaru,Inc., 231 Conn. 707, 725 (1995). The complaint is also devoid of any factual allegations that could be construed to constitute deceptive acts or practices which violate CUTPA. See Caldor, Inc.CT Page 13923v. Heslin, 215 Conn. 590 (1990).[3]
In short, the complaint lacks the substantial aggravating circumstances attending the alleged breach of contract necessary to constitute a violation of CUTPA. The plaintiff has endeavored to dress up a plain breach of contract claim in the vestment of CUTPA; it does not fit. For that reason, the third count of the plaintiffs complaint must be stricken.
The defendant's motion to strike the second and third counts of the plaintiffs complaint is hereby granted.
BY THE COURT
Judge Jon M. Alander