**MARKET AMERICA, INC., Plaintiff,**

v.

**Ray ROSSI, et al., Defendants.**

**No. 1:97CV00891.**

United States District Court, M.D. North Carolina.

May 12, 2000.

Keith W. Vaughan, Womble Carlyle Sandridge & Rice, Winston–Salem, NC, C. Allen Foster, Greenberg Traurig, Washington, DC, H. Grady Barnhill, Jr., Womble Carlyle Sandridge & Rice, Winston–Salem, NC, Pressly McAuley Millen, Womble Carlyle Sandridge & Rice, Raleigh, NC, Marshall Hurley, Patton Boggs, L.L.P., Greensboro, NC, for Market America, Inc.

Jonathan Arthur Berkelhammer, Smith Helms Mulliss & Moore, Greensboro, NC, John R. Fletcher, Michael B. Hamar, Tavss Fletcher Earley & King, P.C., Norfolk, VA, John J. Korzen, Anderson & Associates, Kernersville, NC, for Ray Rossi, Tandy Brown, Craig Melton, Phil Lane, Julia Lane, Sheri Frey Conners, Kathleen Frame, Pete Tortolini, Mike Perrault, George Smith.

### MEMORANDUM OPINION

BEATY, District Judge.

This case is before the Court on Plaintiff Market America, Inc.'s ("Plaintiff" or "Market America") Motion for Correction of the Modified Judgment. [Document # 164.] Defendants Ray Rossi, Tandy Brown, Craig Melton, Phil Lane, Julia Lane, and Sheri Frey Conners (collectively "Defendants") have filed a Response to Plaintiff's Motion for Correction of the Modified Judgment. [Document # 167.] For the reasons stated in herein, Plaintiff's Motion for Correction of the Modified Judgment is GRANTED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In this case, after Market America brought suit against Defendants, Defendants filed counterclaims against Market America on September 5, 1997. Among other things, Defendants claimed Plaintiff had defamed them and engaged in restraint of trade. On April 22, 1999, a jury returned a verdict against Market America on Defendants counterclaims. Following trial, the parties each filed motions with the Court. In their motions, Defendants, in part, sought prejudgment interest on damages awarded by the jury's verdict. In a Memorandum Opinion dated August 25, 1999 [Document # 162], the Court concluded that an award of prejudgment interest on Defendants' counterclaims was appropriate.

Consistent with this ruling and N.C.Gen. Stat. § 24–5(b), the Court calculated prejudgment interest on Defendants' counterclaims. In addition, the Court concluded that Defendants' recovery on their defamation and restraint of trade counterclaims was subject to being trebled pursuant to N.C.Gen.Stat. § 75–16 because Plaintiff had engaged in unfair and deceptive trade practices.[1] (For purposes of clarity, the Court shall refer to Defendants' defama-

---

1. North Carolina General Statute § 75–16 provides:

    If any person shall be injured or the business of any person, firm or corporation shall be broken up, destroyed or injured by reason of any act or thing done by any other person, firm or corporation in violation of the provisions of this Chapter, such person, firm or corporation so injured shall have a right of action on account of such injury done, and if damages are assessed in such case judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict.

tion claims as "unfair trade practices claims.") In calculating Defendants' damages, the Court trebled both the award of prejudgment interest and the damages awarded by the jury in its verdict. In its Motion for Correction of the Modified Judgment, Plaintiff contends that the Court should not have trebled the prejudgment interest that was awarded to Defendants on their unfair trade practices and restraint of trade counterclaims. The Court will now address Plaintiff's arguments.

## II. DISCUSSION

■ Plaintiff argues that N.C.Gen.Stat. § 75–16, which authorizes trebling of damages when a party is found to have engaged in unfair or deceptive trade practices, requires trebling only of "the amount fixed by the verdict." Therefore, according to Plaintiff, § 75–16 does not provide for trebling of the prejudgment interest assessed in this case because it was not included in the jury's verdict. Defendants respond that prejudgment interest should be trebled pursuant to N.C.Gen.Stat. § 75–16 because under N.C.Gen.Stat. § 24–5(b), prejudgment interest is part of their damages. *See Baxley v. Nationwide Mut. Ins. Co.*, 334 N.C. 1, 7–8, 430 S.E.2d 895, 899–900 (1993) (concluding that prejudgment interest awarded under N.C.Gen.Stat. § 24–5(b) is an element of a plaintiff's damages). Defendants also note that North Carolina courts have held that it is presumed that a jury does not include interest in the award of damages in the verdict, and that computing prejudgment

interest due to a prevailing party is merely a clerical matter. *See Taha v. Thompson*, 120 N.C.App. 697, 702, 463 S.E.2d 553, 557 (1995). Therefore, Defendants contend that prejudgment interest in this case, though not specifically included in the jury's verdict, should be trebled along with the damages awarded in the verdict returned by the jury.[2] Notwithstanding Defendants' arguments, the Court finds that it is appropriate in consideration of N.C.Gen.Stat. § 75–16 to treble only the verdict awarded by the jury and not the prejudgment interest which is assessable pursuant to N.C.Gen.Stat. § 24–5(b).

■ Plaintiff also argues that pursuant to N.C.Gen.Stat. § 24–5(b), the Court should calculate prejudgment interest on the jury's verdict only, and not on the trebled damages awarded by the Court. The Court agrees. North Carolina General Statute § 24–5(b) provides that "[i]n an action other than contract, any portion of a money judgment designated by the fact finder as compensatory damages bears interest from the date the action is commenced until the judgment is satisfied." Thus, according to this statute, prejudgment interest is available only on an award of compensatory damages. As the Fourth Circuit has noted, treble damages for unfair and deceptive trade practices under North Carolina law are awarded "not to compensate the wronged party, but to deter unwanted trade practices." *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 991 F.2d 141, 148 (4th Cir.1993)[3]

---

**2.** Defendants also rely on *Suarez–Negrete v. Trotta*, 47 Conn.App. 517, 705 A.2d 215, 219 (1998), for the proposition that prejudgment interest an element of damages that should be trebled. However, in that case, the Connecticut statute that provided for trebling of damages stated that party found liable "shall pay the owner treble his damages." *Id.* Thus, that statute involved in that case is different and broader than N.C.Gen.Stat. § 75–16, which allows only trebling of "the amount fixed by the verdict."

**3.** The Court notes that North Carolina courts have held that the purpose of N.C.Gen.Stat.

75–16 is "more than punitive. It was also meant to encourage private enforcement and provide a remedy for the aggrieved consumer. In situations where the injured consumer has lost a great deal more than the initial damages by spending extra money and time to gain a modicum of satisfaction, the trebled portion of the award is seen as compensating the consumer for those losses rather than as punitive in nature." *Tomlinson v. Camel City Motors, Inc.*, 330 N.C. 76, 80, 408 S.E.2d 853, 856 (1991) (citations omitted). However, Defendants have not argued that the trebling of damages was necessary to compensate them

Therefore, in considering "pre-award" interest under the Federal Arbitration Act, the Fourth Circuit concluded that pre-award interest should not be calculated on damages trebled pursuant to N.C.Gen. Stat. § 75–16, because pre-award interest on the trebled damages "would not be necessary to make Peoples Security whole." *Id.* Moreover, in considering a case involving unfair trade practices and an award of prejudgment interest under N.C.Gen.Stat. § 24–5(a), the North Carolina Court of Appeals held that the prejudgment interest award should not attach to the trebled damages, but only to the actual damages awarded for the breach of the implied contract that was found to be an unfair trade practice in that case. *Sampson–Bladen Oil Co. v. Walters,* 86 N.C.App. 173, 179, 356 S.E.2d 805, 809, *disc. rev. denied,* 321 N.C. 121, 361 S.E.2d 597 (1987).[4] Following the reasoning of the Fourth Circuit and the North Carolina Court of Appeals, the Court concludes that because N.C.Gen.Stat. § 24–5(b) allows an award of prejudgment interest only on awards of compensatory damages, it is in-

appropriate to award prejudgment interest on the trebled damages awarded in this case.[5] Instead, the Court finds that prejudgment interest should be awarded only on the amount of compensatory damages prior to trebling.

Having concluded that the prejudgment interest award in this case should attach only to the damages awarded in the jury's verdict and that the prejudgment interest should not be trebled, the Court will now recalculate the appropriate award of damages in this case. Although Defendants recovered on several counterclaims, only their unfair trade practices and restraint of trade counterclaims were trebled pursuant to N.C.Gen.Stat. § 75–16, and only prejudgment interest on those awards must be recalculated to reflect the Court's holding in this Memorandum Opinion.

Defendants were each awarded $30,000 compensatory damages for their unfair trade practices counterclaims and $1.00 compensatory damages for their restraint of trade counterclaims. In its prior Memorandum Opinion of August 25, 1999, this

---

for their losses in this case, nor have they objected to Plaintiff's characterization of the trebled damages award as "punitive." Indeed, in this case, Defendants have received additional compensation through their breach of contract and money had and received counterclaims. Because Defendants do not suggest that trebling was necessary to adequately compensate them for their losses, the Court concludes that the trebled damages award in this case serves a primarily punitive purpose. *See id.* (concluding that the trebled damages award under N.C.Gen.Stat. § 75–16 was punitive in that case because "plaintiff has not alleged further actual damages that would transform the trebled portion of the award from a punitive to a compensatory award.")

4. The Court recognizes that the court in *Broussard v. Meineke Discount Muffler Shops, Inc.,* 958 F.Supp. 1087, 1104 n. 11 (W.D.N.C. 1997), *rev'd.* 155 F.3d 331 (4th Cir.1998), suggested that subsequent decisions by the North Carolina courts have "cast doubt upon" *Sampson–Bladen.* However, as an initial matter, the district court in *Broussard* was later reversed, on other grounds, by the Fourth Circuit. In addition, the district court's discussion of whether prejudgment in-

terest should be trebled under N.C.Gen.Stat. § 75–16 was dicta in that the court concluded that the interest at issue in that case was not, in fact, prejudgment interest at all, but part of general damages. Finally, while this Court agrees with the conclusion of the district court in *Broussard* that North Carolina courts have held that post-judgment interest accrues on trebled damages, the Court is not persuaded that North Carolina courts would also hold that prejudgment interest should be trebled pursuant to N.C.Gen.Stat. § 75–16.

5. Defendants argue that the Fourth Circuit's statement that disapproved of an award of prejudgment interest on trebled damages in *Peoples Security* is not binding precedent on this Court because that statement is dicta. Similarly, Defendants argue that this Court is not bound by *Sampson–Bladen,* because that opinion was issued by the North Carolina Court of Appeals. To the extent that this Court may not be technically bound to follow the decisions of the Fourth Circuit and the North Carolina Court of Appeals discussed above, the Court nonetheless finds those opinions persuasive.

Court concluded that pursuant to N.C.Gen. Stat. § 24–5(b), the appropriate amount of prejudgment interest on the base award of $30,000 for the period from September 5, 1997 to April 27, 1999 for each Defendant's unfair trade practices counterclaim was $3,938.63. Neither party challenges that $3,938.63 is a correct award of prejudgment interest on the base award of $30,-000. With regard to the restraint of trade counterclaims, in its August 25, 1999 Memorandum Opinion, in calculating prejudgment interest on the jury award to each Defendant of $1.00 at 8% per year, this Court awarded prejudgment interest of $0.80 for the one year period from September 5, 1997 to September 5, 1998, and $0.05 for the period from September 5, 1998 through April 27, 1999. Accordingly, the total award of prejudgment interest for each restraint of trade counterclaim was calculated to be $0.85. However, as Defendants note, the appropriate award of interest for the period of September 5, 1997 to September 5, 1998 is $0.08, rather than $0.80. Therefore, the total award of prejudgment interest on each Defendant's restraint of trade counterclaim should be $0.13 rather than $0.85.

## III. CONCLUSION

For the reasons stated above, the Court concludes that in this case, with regard to their unfair trade practices and restraint of trade counterclaims, Defendants should recover prejudgment interest only on the award fixed by the jury's verdict in this case, and that the award of prejudgment itself interest should not be trebled pursuant to N.C.Gen.Stat. § 75–16. Therefore, the Court finds that the following awards are appropriate:

UNFAIR TRADE PRACTICES COUNTERCLAIM

| Defendant | Base Jury Award | Trebled Award | Pre–Judgment Interest (on $30,000) | Judgment |
|---|---|---|---|---|
| Ray Rossi | 30,000 | 90,000 | 3,938.63 | $93,938.63 |
| Tandy Brown | 30,000 | 90,000 | 3,938.63 | $93,938.63 |
| Craig Melton | 30,000 | 90,000 | 3,938.63 | $93,938.63 |
| Sheri Frey Connors | 30,000 | 90,000 | 3,938.63 | $93,938.63 |
| Julia Lane | 30,000 | 90,000 | 3,938.63 | $93,938.63 |
| Phil Lane | 30,000 | 90,000 | 3,938.63 | $93,938.63 |

RESTRAINT OF TRADE COUNTERCLAIM

| Defendant | Base Jury Award | Trebled Award | Pre–Judgment Interest (on $1.00) | Judgment |
|---|---|---|---|---|
| Ray Rossi | $1.00 | $3.00 | $0.13 | $3.13 |
| Tandy Brown | $1.00 | $3.00 | $0.13 | $3.13 |
| Craig Melton | $1.00 | $3.00 | $0.13 | $3.13 |
| Sheri Frey Connors | $1.00 | $3.00 | $0.13 | $3.13 |
| Julia Lane | $1.00 | $3.00 | $0.13 | $3.13 |
| Phil Lane | $1.00 | $3.00 | $0.13 | $3.13 |

Considering these calculations, the Court further finds that Defendants recovery on all of their counterclaims should be modified to reflect the following amounts:

| Defendant | Unfair and Deceptive Trade Practices | Restraint of Trade | Money Had and Received | Breach of Contract |
|---|---|---|---|---|
| Ray Rossi | $93,938.63 | $3.13 | $13,914.84 | $45,251.51 |
| Tandy Brown | $93,938.63 | $3.13 | $13,914.84 | $45,251.51 |
| Craig Melton | $93,938.63 | $3.13 | $14,254.22 | $22,625.75 |
| Sheri Frey Connors | $93,938.63 | $3.13 | — | $ 1,696.93 |
| Julia Lane | $93,938.63 | $3.13 | $ 1,357.55 | $ 3,959.51 |
| Phil Lane | $93,938.63 | $3.13 | $ 1,357.55 | $ 3,959.51 |

Accordingly, Plaintiff's Motion for Correction of the Modified Judgment [Document # 164] is hereby GRANTED. A Modified Order and Judgment consistent with the Memorandum Opinion shall be filed contemporaneously herewith.