[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This is an action by Total Communications, Inc. (Total), in five counts against a former employee, the defendant, Peter A. DePaolo, alleging breach of contract (count one), unjust enrichment (count two), negligent misrepresentation (count three), a violation of General Statutes §52-564 (count four) and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. (count five). DePaolo filed an answer, special defenses and counterclaims alleging breach of express contract (count one), breach of implied contract (count two), fraudulent misrepresentation (count three) and a violation of CUTPA (count four). On September 14, 2000, Total filed two separate motions for summary judgments, one addressed tot he complaint and the second addressed to the counterclaims.
The following facts are not in dispute. Total is a corporation CT Page 2443 organized under the laws of the State of Connecticut located in East Hartford, Connecticut, which employed DePaolo. On January 11, 1999, and January 28, 1999, DePaolo signed two reimbursement agreements with Total, which provided that he voluntarily left Total's employment within one year of his training programs, DePaolo would be required to reimburse Total for all costs associated with certain training problems provided by Total. DePaolo then resigned from Total with his last date of employment being on or about June 25, 1999. In this action, Total seeks to recover its $3055.75 representing its costs for the enhanced training DePaolo attended in January and February 1999, as well as interest and costs.
On September 14, 2000, Total filed a motion for summary judgment as to all counts of the complaint, as well as a separate motion for summary judgment as to all counts of the counterclaim. In support of its motion, Total has filed supporting memoranda along with an affidavit and numerous exhibits containing documentary evidence. On October 16, 2000, DePaolo filed an objection to the motions for summary judgment together with an affidavit arguing that genuine issues of material fact exist regarding the complaint's allegations, his special defenses and his counterclaims.
I. MOTION FOR SUMMARY JUDGMENT AS TO THE COMPLAINT
A. Count One (Breach of Contract)
Total argues that DePaolo entered into two express written contracts, that he breached these contracts and that DePaolo cannot produce any evidence to the contrary. Furthermore, Total argues it is undisputed that it has performed its obligations under the two contracts and as a result has suffered damages.
Whether and on what terms a contractual commitment has been undertaken are ultimately questions of fact. Sandella v. Dick Corp.,53 Conn. App. 213, 219, 729 A.2d 813, cert. denied, 249 Conn. 926,733 A.2d 849 (1999). Further, whether there was a breach of contract is ordinarily a question of fact. Paulus v. LaSala, 56 Conn. App. 139, 153,742 A.2d 379 (1999), cert. denied, 252 Conn. 928, 746 A.2d 789 (2000).
In his affidavit, DePaolo attests that he did not receive the type of training that Total promised to provide, that he signed "under duress and coercion," and that he feared "a loss of employment" if he did not sign. Even though Total argues that the reimbursement agreements were freely executed by both parties and cites its requests for admissions as evidence, there remain genuine issues of material fact as to the terms and breach of the contracts. Total's motion for summary judgment as to count one of the complaint is denied. CT Page 2444
B. Count Two (Unjust Enrichment)
Total argues that the defendant was unjustly enriched in an amount at least equal to the costs of the training sessions he attended while still employed by Total and that DePaolo failed to fulfill his obligations both under the terms of the reimbursement agreements he signed and the employment offer to which he agreed to be bound. DePaolo attests that the training he received was not the type of training Total promised to provide him.
Unjust enrichment is a very broad and flexible equitable doctrine which has as its basis that it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff Our Appellate Court has stated that its three basic requirements are (1) that the defendant was benefitted, (2) that the defendant unjustly did not pay the plaintiff for the benefits, and (3) that the failure of payment was to the plaintiff's detriment. Zanoni v.Hudon, 48 Conn. App. 32, 39, 708 A.2d 222, cert. denied, 244 Conn. 928,711 A.2d 730 (1998).
Whether DePaolo benefitted from the training he received training as a Total employee in January and February 1999 and whether nonpayment was unjust are questions of fact. As these questions of fact are material to the cause of action at issue, summary judgment is denied as to count two of Total's complaint.
C. Count Three (Negligent Misrepresentation)
Total argues that it is entitled to summary judgment because DePaolo "failed to use reasonable care in representing to it that he would repay all costs associated with any training programs he attended, in the event that he left Total's employ within one year of the date of such programs." Whether evidence supports a claim of fraudulent or negligent misrepresentation is a question of fact. Our Supreme Court has long recognized liability for negligent misrepresentation and has held that even an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth. Citino v. Redevelopment Agency, 51 Conn. App. 262,273, 721 A.2d 1197 (1998).
However, Total has failed to provide evidence that DePaolo communicated a false statement or representation and that it justifiably relied on the misrepresentation as required by Citino, supra. Total's motion for summary judgment as to count three of the complaint is denied.
D. Count Four (Violation of General Statutes § 52-564) CT Page 2445
Total argues that the undisputed facts clearly establish that DePaolo knowingly and wrongfully withheld money owed and property by not reimbursing it for the training costs associated with the seminars in January and February 1999. The agreements clearly state that DePaolo would reimburse Total for all of the training costs it expended on his behalf if he opted to leave its employ within a year. DePaolo did in fact leave Total before the year had expired.
General Statutes § 52-564 provides that "[a]ny person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." Our Supreme Court has noted that "Statutory theft under § 52-564 is synonymous with larceny under General Statutes § 53a-119. . . .Pursuant to § 53a-119, [a] person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or [withholds] such property from an owner."Suarez-Negrete v. Trotta, 47 Conn. App. 517, 520, 705 A.2d 21S (1998). Our Supreme Court has noted that summary judgment is "particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 111,639 A.2d 507 (1994).
The factual determination of whether DePaolo intended to deprive Total of its training costs cannot be made by this court on a motion for summary judgment. Total's motion for summary judgment as to count four of the complaint is denied.
E. Count Five (CUTPA)
Total argues that DePaolo engaged in unfair and deceptive tactics outside the scope of his employment to enhance his skills and develop professionally, to its detriment, by requesting and attending outside training sessions and then leaving its employment shortly thereafter. Yet, Total submits no evidence to support its bald assertion that DePaolo's actions were outside the scope of his employment. Accordingly the relationship between the parties in this case is that of an employer-employee which does not fall within the scope of trade or commerce for the purposes of bringing a CUTPA cause of action. Quimby v.Kimberly Clark Corp., 28 Conn. App. 660, 670, 613 A.2d 838 (1992).
Total's motion for summary judgment as to count five of the complaint is denied.
II. MOTION FOR SUMMARY JUDGMENT AS TO COUNTERCLAIMS
CT Page 2446
A. Count One and Two (Breach of Express and Implied Contract)
In Counts One and Two of his counterclaim, DePaolo claims that Total breached both express and implied contracts as to the nature and time of the training he was to receive.
Total disputes that a promise was ever made that prompt training would be provided for DePaolo to undergo MCSE training and submits a copy of the letter it sent to DePaolo confirming his offer of employment as evidence. The letter makes no mention of prompt MSCE training, however, it does not eliminate the possibility that the agreement could have been oral. In his affidavit, DePaolo attests that Total made numerous representations and promises to him, both oral and written. Specifically, DePaolo attests that the training he received was not the type that he was promised and that Total promised to provide him with "prompt" training to become a Microsoft Certified Systems Engineer (MCSE) and a $2500 bonus upon the completion of that certification.
A true implied contract can only exist where there is no express one. It is one which is inferred from the conduct of the parties though not expressed in words. . . . Whether and on what terms a contractual commitment has been undertaken are ultimately questions of fact. Sandellav. Dick Corp., supra, 53 Conn. App. 219. Our Supreme Court has observed that, "[a]ll employer-employee relationships not governed by express contracts involve some type of implied contract of employment. There cannot be any serious dispute that there is a bargain of some kind; otherwise, the employee would not be working." Gaudio v. Griffin HealthServices Corp., 249 Conn. 523, 532, 733 A.2d 197 (1999). It appears that genuine issues of material fact exist regarding what promises and agreements were made between the parties.
Total's motion for summary judgment as to counts one and two of the counterclaim is denied.
B. Count Three (Fraudulent Misrepresentation)
Total argues that DePaolo "has failed to prove any false representations" on its part and that because it has shown the nonexistence of any material fact, DePaolo must respond by identifying the admissible facts that establish disputed issues. In his affidavit, DePaolo attests that he was induced into resigning from his prior place of employment and accepting employment with Total by relying upon the representations made by Total that certain promises would be kept.
The essential elements of a cause of action in fraud are: (1) a false CT Page 2447 representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon the false representation to his injury. Citino v. Redevelopment Agency, supra, 51 Conn. App. 275.
The movant has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Co., 245 Conn. 374,381, 713 A.2d 820 (1998). It must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Miller v. United Technologies Corp.,233 Conn. 732, 751-52, 660 A.2d 810 (1995).
Total has failed to meet its burden of establishing no genuine issues of material fact exist with regard to these elements of fraud and, therefore, its motion for summary judgment as to count three of the counterclaim is denied.
C. Count Four (CUTPA)
General Statutes § 42-110b(a) provides in relevant part: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
Total argues that DePaolo has offered no evidence that it engaged in unfair or deceptive trade practices, that it paid DePaolo all of the money he was entitled, and as a result it is entitled to summary judgment on DePaolo's counterclaim on CUTPA. DePaolo attests that Total has violated General Statutes § 42-110a et seq. and, as a result, he is suffering and will continue to suffer serious economic damages. He further attests that Total's promises of certain types of training were made during the period of time in which he was being induced to work for Total and during his course of employment and that the training he received was not the same training that Total had promised to provide and that he relied on these promises in making his decision to resign from his prior place of employment and to undertake employment with Total. As noted above where the relationship at issue is between an employer and an employee, it does not fall within the definition of trade or commerce and cannot sustain a cause of action pursuant to CUTPA.
Total's motion for summary judgment as to count four of the counterclaim is granted.
 CONCLUSION
In summary, Total's motion for summary judgment as to counts one, two, CT Page 2448 three, four and five of the complaint is denied. Total's motion for summary judgment as to counts one, two and three of the counterclaim is denied, however, Total's motion for summary judgment as to count four of the counterclaim is granted.
Wagner, TJR