[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Vanguard Engineering, Inc., brought this action against Anna B. Anderson, defendant, for converting the plaintiff company's funds for her own use. She was CEO and a CPA as well as chief financial officer of the company. Her husband, James C. Anderson, was the president of the company.
Vanguard claims that Anna kept all the books and, unknown to James, converted company funds to her own use. As a result, Vanguard suffered financial losses. Anna testified that although she took the money, she used it for family needs which benefitted both James and herself. The court finds this argument unpersuasive, and finds that the defendant did, in fact, improperly convert Vanguard's funds for her own use to the detriment of the plaintiff.
 Damages
The court finds that Vanguard proved that Anna converted a total of $114,534.65, per Exhibit 3, and an additional amount of $1,223.03, per Exhibit 4, for a total of $115,575.68. She also converted money due to the IRS for taxes to her own use in the amount of $32,480.62, Exhibit 1, and withholding and unemployment taxes, Exhibit 2, $7,189.38, for a total of $39,670. The total of all funds converted comes to $155,427.68.
In addition, Vanguard claims counsel fees in the amount of $12,177.28 under common law exemplary damages. Kenny v. Civil Service Commission,197 Conn. 270, 278 (1985). Exemplary damages for unlawful conversion are limited to attorney's fees.
Vanguard has also asserted a claim for treble damages under Connecticut General Statutes § 52-564, which provides for treble damages for theft. Conversion can be statutory theft and is synonymous with larceny (Connecticut General Statutes § 52a-119). The standard of proof for an award of treble damages is clear and convincing. Shaffer v. Lindy, CT Page 163278 Conn. App. 96 (1986).
The court finds that for treble damages to be awarded, the plaintiff must show that the (1) money belonged to the plaintiff; (2) that the defendant intentionally deprived the plaintiff of his funds; and (3) that the conduct was unauthorized." Suarez-Negrite v. Trotte, 47 Conn. App. 517,522 (1998). The standard of proof for treble damages is clear and convincing evidence. Shaffer, supra. In this case, the court finds by clear and convincing evidence that the conversion by Anna amounted to statutory theft and the damages shall be trebled by the court.
The total amount converted was $155,427.68; treble damages were $466,283.04.
The court therefore awards as damages:
Amount converted $155,427.68 (times 3) $466,283.04
Attorney's fees 12,177.28
 Statutory Interest both counts under Conn. General Statutes § 37-3a 71,298.55
Costs 214.75
Total Award: $549,973.62
___________________ D. Michael Hurley Judge Trial Referee CT Page 16328