**In re Giuseppe TRIPODI and Concetta Tripodi, Debtors.**

No. 04–30793.

United States Bankruptcy Court, D. Connecticut.

Aug. 25, 2004.

James G. Verrillo, Zeisler & Zeisler, P.C., Bridgeport, CT, for Movants.

Elizabeth J. Austin, Pullman & Comley, Bridgeport, CT, for Respondents.

## MEMORANDUM OF DECISION ON MOTION *IN LIMINE*

ALBERT S. DABROWSKI, Chief Judge.

### I. INTRODUCTION

By Motion dated May 13, 2004, certain creditors of these individual Chapter 11 debtors initiated a contested matter seeking, *inter alia,* to have a trustee appointed to replace the Debtors as estate fiduciary (hereafter, the "Trustee Matter"). However, the present *Motion in Limine* (hereafter, the "Preclusion Motion") does not raise the merits of the Trustee Matter, but instead seeks a ruling *in limine* that by virtue of a decision of the Connecticut Superior Court in pre-petition litigation between the parties certain issues are collaterally estopped from re-litigation in the Trustee Matter.

### II. JURISDICTION

The United States District Court for the District of Connecticut has subject matter jurisdiction over the instant adversary proceeding by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28

U.S.C. §§ 157(a), (b)(1). This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A), *inter alia.*

## III. BACKGROUND

It is not necessary for purposes of this *in limine* ruling to recount fully the extensive factual background of the relationship between the parties. It is sufficient merely to note that certain disputes between the parties were adjudicated by the Connecticut Superior Court (Schuman, J.) following trial (hereafter, the "Superior Court Litigation"). Judgment in the Superior Court Litigation entered in accordance with a certain *Memorandum of Decision* dated August 26, 2003 (hereafter, the "Superior Court Decision"). Among other findings and conclusions, the Superior Court Decision concludes that the Debtors misappropriated funds from Raafat R. Tadros and Giuseppe Tripodi, M.D., P.C. (hereafter, the "Professional Corporation"), and that such misappropriation constituted (i) a breach of fiduciary duty, and (ii) statutory theft under C.G.S. § 52–564.[1] It is these determinations which the movants seek to have established by collateral estoppel in the Trustee Matter.[2] The Superior Court Decision is presently pending on appeal in Connecticut state court.

## IV. DISCUSSION

In opposing the Preclusion Motion the Debtors make two principal arguments. First, they claim the fact that the Superior Court Decision is presently on appeal negates the *finality* which they allege is required for the application of collateral estoppel. Second, the Debtors claim that the standards of proof applied by the Superior Court to the subject issues were lower than that required to be applied by this Court in adjudicating the Trustee Matter. Specifically, the Debtors assert that a preponderance of evidence standard was applied to the issues in the Superior Court Decision, but that the Trustee Matter must be determined on the basis of clear and convincing evidence.

■ As an initial matter, the Court notes that neither party has properly articulated the collateral estoppel standards which should guide this Court in resolving the pending matter. Under the Full Faith and Credit Doctrine, as codified by 28 U.S.C. § 1738, a federal court is required to give a state court judgment the same preclusive effect as would a sister court of the judgment state. *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Thus, in the instant matter the Court must look to *Connecticut* law to determine whether the Connecticut state courts would estop the Debtors from contesting the subject determinations of the Superior Court Decision.

■ Under Connecticut law, "[c]ollateral estoppel, or issue preclusion, prohibits the re-litigation of an issue when that issue was actually litigated and necessarily determined in a prior action .... For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment .... Furthermore, [t]o invoke collateral estop-

---

**1.** C.G.S. § 52–564 provides, in pertinent part, that "[a]ny person who steals any property of another ... shall pay to the owner treble damages."

**2.** The Preclusion Motion does not precisely state what aspects of the Superior Court Decision are sought to be established via collateral estoppel. At its most specific, the Preclusion Motion states that the issues sought to be precluded "include, but are not limited to, findings that the Debtors committed, *inter alia,* statutory theft and breach of fiduciary duty to a professional corporation."

pel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding . . . ." *Carnemolla v. Walsh,* 75 Conn.App. 319, 325, 815 A.2d 1251, 1256–7 (Conn.App. 2003), *cert. denied,* 263 Conn. 913, 821 A.2d 768 (2003) (internal quotation marks and citations omitted).

## A. Finality.

 As an initial observation this Court notes that the foregoing articulation of the Connecticut doctrine of collateral estoppel does not include the word "final". The absence of such term is reflective of the fact that under Connecticut law any issue actually litigated and necessarily determined by a Connecticut Superior Court is eligible for the application of collateral estoppel, even if that court's determination is still subject to reversal on appeal. *E.g., LaBow v. Rubin,* 2004 WL 615713 at *6 (Conn.Super.2004) ("[t]he Supreme Court has held the judgment of a trial court to be final, despite a pending appeal, when the issue was . . . the applicability of the rules of res judicata. The same principle applies to the issue of collateral estoppel."); *see, e.g., Carnemolla, supra,* 75 Conn.App. at 327–28, 815 A.2d 1251 ("[b]ecause collateral estoppel is a much narrower aspect of res judicata, and a pending appeal does not preclude the application of res judicata, we conclude that the plaintiff's pending appeal in the [first] action did not preclude the defensive application of collateral estoppel in the [present] action."). Accordingly, the Superior Court Decision is sufficiently "final" to provide the basis for issues to be collaterally estopped in the Trustee Matter.

## B. Congruence of Issues

The Debtors correctly observe that for collateral estoppel to be utilized there must exist a congruence between the sub-

ject determination in the prior proceeding and the issue sought to be estopped in the present matter. Specifically, they claim that this Court cannot import the Superior Court's determinations of statutory theft and breach of fiduciary duty because those issues were determined in the Superior Court Litigation by a standard of proof lower than that by which this Court must determine the Trustee Matter.

### 1. Standard of proof for Trustee Matter.

The Debtors argue that "clear and convincing evidence" is the appropriate standard of proof in the Trustee Matter. Indeed, the numerical weight of authority appears to point in that direction. *E.g., In re Cajun Electric Power Cooperative, Inc.,* 69 F.3d 746, 749 (5th Cir.1995); *In re Sharon Steel Corporation,* 871 F.2d 1217, 1226 (3rd Cir.1989). Yet, this Court is not directly bound by any such authority, and good faith arguments can be advanced for application of the lower "preponderance of the evidence" standard. *See Grogan v. Garner,* 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) ("... we presume that ... [the preponderance] ... standard is applicable in civil actions between private litigants unless 'particularly important individual interests or rights are at stake.' "). However, for purposes of determining the instant Preclusion Motion, the Court will *assume, without deciding,* that the "clear and convincing" standard is the appropriate measure of proof in the Trustee Matter.

### 2. Standard of proof utilized in the Superior Court Decision.

#### a. Statutory theft.

 Despite the absence of the words, "clear and convincing" in the Superior Court Decision, this Court has no doubt that Judge Schuman utilized a "clear and

convincing" standard in determining that the Debtors committed statutory theft. Judge Schuman made that determination, *inter alia,* by "applying the appropriate burden and standard of proof". Superior Court Decision at pp. 4, 7. He identified the nature of the "appropriate" standard of proof by reference to case law, namely *Suarez–Negrete v. Trotta,* 47 Conn.App. 517, 520, 705 A.2d 215 (1998) ("The trial court properly recognized that the plaintiff was required to satisfy the higher standard of proof by clear and convincing evidence to be entitled to an award of treble damages pursuant to § 52–564."). Accordingly, this Court holds that the findings and conclusions of Judge Schuman with respect to statutory theft were determined pursuant to a "clear and convincing" standard of proof, and shall be collaterally estopped from re-litigation in the Trustee Matter.

### b. Breach of fiduciary duty.

■ As with his determination of statutory theft, Judge Schuman identifies the standard of proof applied to his determination of breach of fiduciary duty by reference to case law, namely *Ostrowski v. Avery,* 243 Conn. 355, 362, 703 A.2d 117 (1997). The passage of *Ostrowski* cited by Judge Schuman sets out a shifting burden of proof applicable to breach of fiduciary duty cases, to wit:

> ... a plaintiff bears the burden of establishing ... a fiduciary relationship between the corporation and the alleged wrongdoers .... Once a plaintiff establishes these predicates to liability, the burden then shifts to the fiduciaries to establish, by clear and convincing evidence, the fairness of their dealings with the corporation.

243 Conn. at 362, 703 A.2d 117.[3]

While *Ostrowski* does not explicitly state the *standard* of proof required of a plaintiff as to its *initial* burden, it is clear, by implication, that such standard is the default civil standard of a "preponderance of the evidence". This Court must logically assume that the Connecticut Supreme Court would not specify the higher "clear and convincing" standard only for the *defendant's* burden if in fact that standard applied to both the plaintiff and defendant. Thus it appears that the issue of breach of fiduciary duty, *if determined independently of theft,* could be established by a plaintiff in the Superior Court on a lesser standard of proof than that required of a movant in a trustee appointment matter in the Bankruptcy Court. Under such circumstances this Court would not collaterally estop the re-litigation of the issue of breach of fiduciary duty based upon the findings and conclusions on that topic made by Judge Schuman in the Superior Court Decision.

However, the ultimate analysis of the breach of fiduciary duty issue is more complex than a mere assessment of the congruence of standards of proof. The complexity stems from the interrelationship between Judge Schuman's determinations of theft and breach of fiduciary duty. Specifically, although Judge Schuman concludes that "misappropriation of large amounts of money from the corporation ... obviously constitutes a breach of... fiduciary duty", he concludes further that "because the evidence establishes conclusively that the misappropriation was part of an ongoing plan and attempted cover-

---

**3.** Since the Superior Court Litigation did not involve self-dealing, it is unusual that Judge Schuman cites to *Ostrowski's* discussion of the burden in a self-dealing case, rather than to its general statement of the burden/standard applicable in corporate fiduciary litigation generally. *Cf.* 243 Conn. at 361, 703 A.2d 117.

up, rather than a matter of poor bookkeeping or other inadvertent error, the proof satisfies the standards for ... theft under General Statutes 52–264." Thus, given the nature of Judge Schuman's analysis of the record before him, one must conclude that the nature of the relationship of breach of fiduciary duty to theft was essentially that of a "lesser included offense". Viewed in that fashion one must conclude that the standard of proof for Judge Schuman's determination of breach of fiduciary was necessarily "clear and convincing" since he applied that standard to the same record in determining the overlapping elements of statutory theft.

Nonetheless, the "lesser included" nature of the breach of fiduciary duty determination also points to its irrelevancy to the Trustee Matter. In other words, to the extent that this Court draws from the Superior Court Decision certain negative inferences concerning the Debtors' character and propensity toward illicit behavior, the most severe of those inferences will be drawn from the findings/conclusions regarding *theft*.[4] Thus, any inferences drawn from the additional conclusion of a breach of fiduciary duty will add nothing to the Movants' case before this Court in the Trustee Matter.

Accordingly, for the foregoing reasons this Court must decline to collaterally estop the re-litigation of the issue of breach of fiduciary duty stemming from the facts contested before Judge Schuman in the Superior Court Litigation. However, the parties are hereby advised that the Court is not predisposed to receive any evidence rendered irrelevant or unnecessarily cumulative by the Court's importation of Judge Schuman's determination that the Debtors are guilty of theft.

## V. CONCLUSION

For the foregoing reasons this Court will bar re-litigation, in the context of the pending Trustee Matter, of Judge Schuman's determination of statutory theft, together with its subsidiary findings and conclusions, as contained at Section I of the Superior Court Decision. In all further respects the Preclusion Motion shall be denied.

## ORDER ON MOTION *IN LIMINE*

The above-captioned contested matter having come on for hearing, and the Court having considered the arguments of the parties on the Movants' *Motion in Limine* (hereafter, the "Preclusion Motion"), and having this day entered its *Memorandum of Decision on Motion in Limine*, in accordance with which it is hereby

**ORDERED** that the Debtors are precluded from re-litigating, in the context of the pending Trustee Matter, Connecticut Judge Schuman's determination of statutory theft, together with its subsidiary findings and conclusions, as contained at Section I of Judge Schuman's *Memorandum of Decision* dated August 26, 2003. In all further respects the Preclusion Motion is hereby **DENIED.**

---

4. Although raised in the parties arguments on the Preclusion Motion, it is unnecessary for the Court to rule at this time on the question of the relevance of pre-petition conduct to the Trustee Matter.